721 A.2d 748

COLONIAL SPECIALTY FOODS, INC., A CORPORATION OF NEW JERSEY, D/B/A HAVERFORD FOOD CORP., PLAINTIFF–RE-SPONDENT, v. COUNTY OF CAPE MAY, DEFENDANT/THIRD–PARTY PLAINTIFF–APPELLANT, v. AULFFO PAINTING, INC. AND CIGNA PROPERTY AND CASUALTY COMPANIES, THIRD–PARTY DEFENDANTS-RESPONDENTS, AND ATLAN-TIC FIDELITY & SURETY COMPANY, STAR BRITE CON-STRUCTION COMPANY, INC., AMERICAN BANKERS INSUR-ANCE COMPANY OF FLORIDA, B & M CONSTRUCTION AND RESTORATION, INC., NATIONAL UNION FIRE INSURANCE COMPANY, AND NORTH RIVER INSURANCE COMPANY, THIRD–PARTY DEFENDANTS,AULFFO PAINTING, INC. AND ATLANTIC FIDELITY & SURETY COMPANY, THIRD–PARTY DEFENDANTS/FOURTH–PARTY PLAINTIFFS, v. TRIPLE G. COATINGS, INC., FOURTH–PARTY DEFENDANT-RESPON-DENT, AND STAR BRITE CONSTRUCTION COMPANY, INC., AND AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, THIRD–PARTY DEFENDANTS/FIFTH–PARTY PLAINTIFFS, v. B & M CONSTRUCTION AND RESTORATION, INC., FIFTH–PARTY DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued December 8, 1998—Decided January 8, 1999.

Before Judges LONG, WEFING and CARCHMAN.

*Robert S. Sandman* argued the cause for appellant County of Cape May (*Hankin, Sandson, Sandman, Bradley & Palladino*, attorneys; *Mr. Sandman*, on the brief).

*James A. Waldron* argued the cause for respondent Colonial Specialty Foods, Inc. (*Mr. Waldron*, attorney; *Mr. Waldron* and *Michael J. Donohue*, on the brief).

*James T. Dugan* appeared on behalf of respondent Aulffo Painting, Inc. (*Mr. Dugan* and *Joseph D. O'Neill*, attorneys; *Mr. Dugan*, on the brief).

*William C. Mills, IV,* appeared on behalf of respondent CIGNA Property & Casualty Companies (*Cooper, Perskie, April, Niedelman, Wagenheim & Levenson,* attorneys; *Mr. Mills,* on the brief).

*Nicholas Kierniesky* appeared on behalf of respondent Triple G. Coatings, Inc. (*Jay H. Greenblatt & Associates,* attorneys).

The opinion of the court was delivered by

WEFING, J.A.D.

County of Cape May (Cape May) appeals, pursuant to leave granted, from an order entered by the trial court denying its motion to dismiss plaintiff's complaint with prejudice under *R.* 4:23–5(a)(2). We affirm.

Because of the narrow issue before us, it is unnecessary to set forth at length the nature of the underlying disputes between the parties. We note merely that plaintiff Colonial Specialty Foods, Inc. (Colonial) leased from Cape May a building that it intended to use for its food processing business. Colonial contended that the building was unfit for this use and that the building's condition led to the loss of its business. When plaintiff ceased paying rent, Cape May instituted a summary dispossess proceeding that was transferred from the Special Civil Part to the Law Division under *N.J.S.A.* 2A:18–60.

Additional parties were joined and the matter was assigned to case management. It is clear that the discovery process has been a difficult one, with each side attributing fault to the other. It is immaterial to our analysis of the matter which version is correct.

The trial court has entered six case management orders, from June 1, 1994 through June 30, 1997. This last order directed plaintiff to answer certain interrogatories concerning its experts and to respond to Cape May's request for document production by July 13, 1997. When plaintiff did not comply with these deadlines, Cape May filed a motion to dismiss the complaint. On September 12, 1997, the trial court granted Cape May's motion but modified Cape May's proposed order. The trial court struck the "with

prejudice" portion of the order and added the provision that the dismissal was for "plaintiff's failure to comply with the Court's Case Management Order." Under *R.* 4:37–2(a), that dismissal was without prejudice.

Approximately three months later, Cape May filed another motion in which it sought to convert the September 12, 1997 dismissal into a dismissal with prejudice. Plaintiff opposed the motion and sought to reinstate its complaint. Plaintiff's counsel submitted a certification in which he noted various problems he had experienced that had contributed to the delay in discovery. These included serious health problems suffered by both his wife and himself, and the disruption to his practice attendant to the unavoidable relocation of his law office. The trial court denied Cape May's motion and restored plaintiff's complaint. This appeal followed.

We are satisfied that the trial court correctly interpreted *R.* 4:23–5(a)(2). One party cannot obtain a dismissal with prejudice under that rule unless an earlier dismissal without prejudice was entered under *R.* 4:23–5(a)(1). Cape May argues that, because *R.* 4:23–5(a)(2) does not specifically refer to *R.* 4:23–5(a)(1), a trial court may dismiss a matter with prejudice under *R.* 4:23–5(a)(2) when there has been an earlier dismissal without prejudice for failure to supply discovery. Furthermore, Cape May stresses that the earlier dismissal was for failure to answer interrogatories and therefore contends that the order of September 12, 1997 should be treated as the functional equivalent of an order entered under *R.* 4:23–5. We are entirely unpersuaded by this argument. Adopting Cape May's argument would deprive a party of the procedural safeguards incorporated throughout *R.* 4:23–5, and overlooks the rule's integrated structure and purpose. Subsection (a)(2) of the rule exists in the context of a rule that provides for dismissal for failure to answer interrogatories; it does not exist independently to allow a litigant to convert a dismissal without prejudice, obtained under a rule other than *R.* 4:23–5, into a dismissal with prejudice.

The underpinnings of the rule support the trial court's conclusion. The "main objective [of the rule] is to compel the answers [to interrogatories] rather than to dismiss the case...." Pressler, *Current N.J. Court Rules,* comment of *R.* 4:23–5 (quoting 1990 Report of the Committee on Civil Practice, 125 *N.J.L.J.* Index page 421). In *Zimmerman v. United Services Automobile Assoc.,* 260 *N.J.Super.* 368, 376, 616 *A.*2d 957 (App.Div.1992), Judge Pressler wrote that "achievement of the salutary scheme of the revised rule requires meticulous attention to its critical prescriptions, and particularly to those provisions [that] are intended to afford a measure of protection to the party who is faced with the ultimate litigation disaster of termination of his cause." The approach advocated by Cape May would lessen the need for such "meticulous attention."

Because we are satisfied that Cape May was not entitled to relief under *R.* 4:23–5(a)(2), there is no basis for its further argument that plaintiff was required to establish the existence of extraordinary circumstances before its complaint could be restored.

Affirmed.