PER CURIAM.
Plaintiff appeals, pursuant to R. 2:2-3(a), from a Tax Court order that dismissed its complaint “pursuant to R. 4:23-5” for failure to answer interrogatories and at the same time ordered plaintiff to pay reasonable counsel fees, which a subsequent order set at $280.
*51 Plaintiff argues on appeal the Tax Court exceeded its authority under the rule when it assessed counsel fees. It also essentially contends the Tax Court erred when it failed to designate the dismissal as being without prejudice.
Our review of the order satisfies us it is interlocutory in nature. No leave to appeal having been granted, see R. 2:5-6(a), the appeal in its entirety should ordinarily be dismissed. However, given the apparent confusion relating to the propriety of the counsel fee assessment, we sua sponte grant leave on that issue alone and vacate that portion of the order under appeal.
The Court Rules governing Civil Practice prescribe the judicial avenues available when a party seeks sanctions for failure to answer interrogatories in instances where more than sixty days have passed from the time of service of the interrogatories and no extension has been granted. Upon a motion to compel answers, the court may grant the motion and, at the same time, award expenses of the motion which includes counsel fees. R. 4:23-l(a)(c). However, upon a motion to suppress or dismiss the complaint of the delinquent party, the court must follow the two-tiered process outlined by R. 4:23—5(a)(1), (2). See Colonial Specialty Foods, Inc. v. County of Cape May, 317 N.J.Super. 207, 210, 721 A.2d 748 (App.Div.1999). The court must first enter a dismissal without prejudice. R. 4:23-5(a)(1). Thereafter, assuming rule preconditions are met, the court may enter a dismissal with prejudice. R. 4:23-5(a)(2). R. 4:23-5 makes no allowance for assessment of counsel fees when the complaint is dismissed either with or without prejudice.
After defendant served plaintiff with interrogatories and more than sixty days passed (see R. 4:17—4(b)) without an extension being granted, defendant filed a motion which sought alternative forms of relief. The motion sought inter alia an order to compel answers, or an order to dismiss the complaint, as well as an order for counsel fees. The Tax Court elected to enter an order dismissing the complaint. The order provided the dismissal was “pursuant to R. 4:23-5.” Consequently, the order had to be without prejudice. See Colonial Specialty Foods, Inc., supra, ,317 *52 N.J.Super. at 210, 721 A.2d 748. The without prejudice status made the order interlocutory in nature. At the same time the Tax Court exceeded the authority granted under R. 4:23-5 and improvidently granted counsel fees. That award could only have been made if the court granted defendant’s request to compel answers to the interrogatories. The improvident granting of counsel fees is vacated, and the order under appeal should be accordingly modified.
The matter is remanded to the Tax Court to allow the parties to seek relief afforded to either of them by R. 4:23-5.
In sum, except as to the provision of the order assessing counsel fees which is vacated, the appeal is dismissed.