**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3823-16T1

TONY J. ORTIZ,

    Plaintiff-Appellant,

v.

WALTER S. BENKIUS and MARK IV
TRANSPORTATION & LOGISTICS,
INC.,

    Defendants-Respondents,

and

IC UNLIMITED, LLC i/p/a
IC UNLIMITED, BENTLEY TRUCK
SERVICES, INC. a/k/a BENTLEY TRUCK
SERVICES and BENTLEY TRUCKS, and
OLYMPIC NATIONAL EXPRESS,

    Defendants.

_____

        Argued June 7, 2018 — Decided July 31, 2018

        Before Judges Rothstadt and Gooden Brown.

        On appeal from Superior Court of New Jersey,
        Law Division, Union County, Docket Nos. L-
        4318-14 and L-4349-15.

        Rubin M. Sinins argued the cause for appellant
        (Javerbaum Wurgaft Hicks Kahn Wikstrom &

Sinins, PC, attorneys; Eric G. Kahn, on the briefs).

Paul Piantino, III, argued the cause for respondents (White & Williams LLP, attorneys; Paul Piantino, III, of counsel; Brandon B. Rosen, on the brief).

PER CURIAM

Plaintiff Tony J. Ortiz appeals from the April 13, 2017 Law Division order, denying his motion for reconsideration of the February 17, 2017 order. The February 17, 2017 order denied his motion to reinstate his complaint, and dismissed his complaint with prejudice, pursuant to Rule 4:23-5(a)(2), for failure to appear for deposition. We reverse and remand.

The relevant procedural history is as follows. On March 4, 2016, the trial court entered an order consolidating plaintiff's 2014 and 2015 complaints against defendants Walter S. Benkius, Mark IV Transportation & Logistics, Inc. (Mark IV), IC Unlimited, LLC i/p/a IC Unlimited, Bentley Truck Services, Inc., also known as Bentley Trucks, Olympic National Express (Olympic), and several fictitious entities. The complaints stemmed from a December 19, 2013 automobile accident between plaintiff's car and a tractor-trailer leased by Mark IV from Bentley Trucks and allegedly operated by Benkius as an agent for Olympic, IC Unlimited, LLC,

Mark IV, or Bentley Trucks.[1]  Plaintiff alleged negligence by

defendants and sought damages for the "severe bodily injuries" he

suffered as a result of the accident.

On October 25, 2016, defendants Benkius and Mark IV moved to

dismiss the complaint without prejudice pursuant to Rule 4:23-4

for plaintiff's repeated failure to attend his deposition.[2]  In

the supporting certification, defense counsel certified that they

attempted to depose plaintiff on six separate occasions, but each

time plaintiff requested an adjournment, despite being provided

over a month's notice of each scheduled deposition date.  According

to the certification, defendant was noticed to be deposed on

---

[1]  According to defendants, by stipulation, Bentley Trucks was
dismissed from the case without prejudice.  However, there is no
supporting documentation of the dismissal in the record.

[2]  According to Rule 4:23-4, where a "party fails to
appear . . . to take his deposition, after being served with a
proper notice, the court . . . on motion may make such orders in
regard to the failure as are just," including "tak[ing] any action
authorized under paragraphs (1), (2) and (3) of [Rule] 4:23-2(b)."
Under Rule 4:23-2(b)(1), (2), and (3), the court may enter an
order "that the matters regarding which the order was made or any
other designated facts shall be taken to be established for the
purposes of the action in accordance with the claim of the party
obtaining the order"; "refusing to allow the disobedient party to
support or oppose designated claims or defenses, or prohibiting
the introduction of designated matters in evidence"; or "striking
out pleadings or parts thereof, or staying further proceedings
until the order is obeyed, or dismissing the action or proceeding
or any part thereof with or without prejudice, or rendering a
judgment by default against the disobedient party."

A-3823-16T1

September 9, 2015, and February 4, April 14, May 18, July 29, and October 12, 2016. Although defendants acquiesced to plaintiff's adjournment requests on the first five dates, his "eleventh hour" cancellation of the October 12 date was "without notice." Defense counsel certified further that, despite defendants' willingness to accommodate plaintiff's schedule, no dates were ever proposed by plaintiff's attorney. According to defense counsel, plaintiff's conduct "constitute[d] a deliberate attempt to evade being deposed" that "[had] and [would] continue to prejudice [d]efendants in defending this matter and preparing for trial."

On November 18, 2016, the motion judge granted defendant's unopposed motion and dismissed plaintiff's complaint without prejudice. On January 31, 2017, defendants moved to dismiss plaintiff's complaint with prejudice for failure to attend his depositions. In his accompanying certification, defense counsel recounted the six unsuccessful attempts to depose plaintiff. He certified that in the sixty days following the dismissal of the complaint, plaintiff failed to move to reinstate the complaint or otherwise contact defendants and failed to schedule a date for his deposition, despite being notified of the dismissal. Defense counsel asserted that dismissal with prejudice was therefore appropriate under Rule 4:23-5(a)(2).

The next day, February 1, 2017, plaintiff's newly retained attorney sent a letter to the court, opposing the motion to dismiss the complaint. Plaintiff's attorney explained that he had been retained on January 23, 2017, and had recently received plaintiff's file from prior counsel. According to plaintiff's attorney, when he received defense counsel's motion to dismiss the complaint, he had already "prepare[d] a Motion to Restore the Complaint . . . , to adjourn the current arbitration date[,] and to extend discovery." He assured defendants and the court that he would provide "any remaining discovery, including . . . [p]laintiff's deposition," but requested "some additional time" to "properly represent" plaintiff. He also stated his secretary was "in the process of trying to reschedule [plaintiff's] deposition for the month of February."

Plaintiff's motion to restore the complaint and extend discovery and defendants' motion to dismiss the complaint with prejudice were both returnable on February 17, 2017. In support of plaintiff's motion, plaintiff's attorney certified that plaintiff was "ready, willing[,] and able to appear for a deposition," and he was prepared to schedule a date within thirty days of the adjudication of the motion, if not sooner. On February 14, 2017, three days prior to the return date of the motions, plaintiff's counsel sent defendants a letter suggesting three

dates for plaintiff's deposition, all within two weeks of the letter and about a week after the return date of the motions, and even offered two different times on two of the proposed dates.

On February 17, 2017, during oral argument on the motions, plaintiff's counsel informed the court that he had received plaintiff's file from his previous attorney, Richard Rinaldo, who had been "involved in a very serious car accident a few years [earlier]" and suffered physical injuries that had "affected a great number of cases, . . . including this one." Plaintiff's counsel indicated that the trial in Rinaldo's personal case had commenced in the county a few months earlier and so other judges in the county were aware of Rinaldo's injuries. Although he hesitated to discuss the details on the record, plaintiff's counsel stated he would attempt to obtain a certification from Rinaldo about the accident and argued that plaintiff should not be prejudiced for his prior attorney's inaction.

Defense counsel countered that plaintiff's motion to restore was deficient under Rule 4:23-5(a)(1), which required the delinquent party to move to restore supported by an affidavit reciting that the withheld discovery has been provided and accompanied by payment of a restoration fee. According to defense counsel, plaintiff's attorney had failed to do either. Furthermore, defense counsel argued that under Rule 4:23-5(a)(2),

dismissal with prejudice was mandatory unless plaintiff either provided "fully responsive discovery" or presented "exceptional circumstances," neither of which applied. Defense counsel pointed out that plaintiff's attorney had not included any information about Rinaldo's injuries in his certification in support of his motion to restore. In fact, defense counsel represented to the court that during their attempts to depose plaintiff, Rinaldo had requested the adjournments, not for personal reasons, but because his office could not locate plaintiff.

Plaintiff's counsel responded that he had filed "a vanilla Motion to Restore, because [he] [knew] that [the] [c]ourt . . . [was] aware of Mr. Rinaldo's situation,"[3] and there was no written opposition to his motion. He explained that, had he been aware of the opposition, he would have submitted the necessary certification establishing "extraordinary circumstances."

After considering oral argument, the judge granted defendants' motion and dismissed the complaint as to both defendants with prejudice. Citing <u>Abtrax Pharm., Inc. v. Elkins-Sinn, Inc.</u>, 139 N.J. 499 (1995), the judge recognized that "the

---

[3] The motion judge was not familiar with Rinaldo or aware of his injuries and explained to counsel that, in any event, he could not "rely on one [j]udge or one [c]ourt knowing the situation of an attorney."

A-3823-16T1

sanction of dismissal with prejudice for discovery violations should be imposed only sparingly," and that "clients should not be prejudiced because of [the] delinquency of the[ir] attorney." However, the judge determined that dismissal was appropriate because there was "no certification from the prior attorney indicating that it was the attorney's fault why the plaintiff could not attend six scheduled depositions" and "no valid reason to believe that the attorney may have had some problems." Thus, the judge determined that no exceptional circumstances had been demonstrated. While declining to make a finding regarding whether plaintiff's repeated failure to appear for deposition was deliberate, the judge concluded that defendants had a right to depose him, and the deposition went "to the very essence of their case." Therefore, according to the judge, dismissal was appropriate under Rule 4:23-5.

As to plaintiff's motion to reinstate the complaint, the judge denied the motion. In denying the motion, the judge explained that plaintiff's motion had been before a different judge who had granted the motion on the papers without oral argument, but had not yet "sent out [the order] to both parties."[4] Nonetheless, the judge concluded that he had the "authority to

---

[4] We note that the order was not included in the record.

hear both cases in . . . conjunction with each other" and would "do so in the interest of justice." In denying plaintiff's motion to restore, the judge vacated the undelivered order reinstating the complaint.

On March 7, 2017, plaintiff moved for reconsideration. In his supporting certification, plaintiff's counsel argued that dismissal was inappropriate because plaintiff had provided the outstanding discovery "in the form of a letter prior to the return date of both [m]otions[,] offering to produce the [p]laintiff for depositions on several alternate dates." However, he "never received a response to [his] letter." Further, plaintiff's counsel submitted a certification from Rinaldo, delineating exceptional circumstances to support the motion.

In the certification, Rinaldo explained that all but the last adjournment request "were due to litigation issues concerning the filing of [a]nswers of [d]efendants, issues with consolidation of the two [c]omplaints, the [d]efendant[s'] inability to produce Mr. Benkius, and discovery issues that were not within the control of the [p]laintiff or his attorney." According to Rinaldo, only the last adjournment request was attributable to his personal issues, which prompted him "to refer [the] case to another law firm for further handling" and "request[] an adjournment . . . to allow new counsel to be retained and time to review the file." Rinaldo

noted that defendants never filed a motion to compel plaintiff's deposition, and instead chose to "opportunistically use[] the file transfer delay" to obtain a dismissal. Rinaldo certified further that there was "no history of the [p]laintiff avoiding his deposition or not being available that [he could] recall."

In opposition, defense counsel argued plaintiff's motion "failed to articulate with specificity the basis on which he [had] brought [his motion for reconsideration]," and, in any case, he had failed to prove adequate grounds for reconsideration. Defense counsel asserted their motion for dismissal was properly granted, as plaintiff failed to comply with the requirements for reinstatement under Rule 4:23-5. In a supporting certification, defense counsel argued that plaintiff's February 14, 2017 letter proposing new dates for plaintiff's deposition was "irrelevant" and "should have no bearing on the court's decision" because it "post-date[d] [p]laintiff's [m]otion to [r]estore by almost two weeks," and plaintiff made no effort to schedule or attend his deposition prior to filing the February 1, 2017 motion.

During oral argument on the reconsideration motion conducted on April 13, 2017, plaintiff's counsel argued that the letter proposing dates for the deposition constituted compliance with discovery because it is impossible to "hogtie [an] adversary and force them to take a deposition." Furthermore, he noted defendants

had not argued that they had suffered prejudice due to the delay in deposing plaintiff and "[t]here was no [m]otion to [c]ompel a deposition." Moreover, according to plaintiff's counsel, "plaintiff himself [was] not at fault." In response, defense counsel noted that the case was already three years old at the time of the hearing and that the significant delay had "substantially prejudiced" defendants. Defense counsel also reiterated that plaintiff's application to restore the complaint was deficient and the discovery still had not been provided, and therefore, the court lacked discretion to deny their motion to dismiss the complaint with prejudice.

Following oral argument, in an oral decision, the judge denied plaintiff's motion for reconsideration, finding that plaintiff failed to provide "with specificity, . . . any matters that the [c]ourt overlooked, or any controlling decisions . . . the [c]ourt [had] erred on." The judge commended plaintiff's counsel for his "skilled argument" that, unlike interrogatories, a plaintiff cannot "compel a deposition." Nonetheless, the judge found the three-year delay in obtaining plaintiff's deposition had prejudiced defendants. Further, acknowledging Rinaldo's supporting certification, the judge concluded there were no exceptional circumstances, as he could not think of a "type of medical issue[] that would prevent [plaintiff's prior counsel]

from rescheduling, or sending a letter, or trying to reschedule depositions." The judge entered a memorializing order on the same date, and this appeal followed.

On appeal, plaintiff argues the motion judge erred by: (1) dismissing his complaint for failing to provide his deposition rather than "explor[ing] alternatives to dismissal with prejudice"; (2) concluding "Rinaldo's health problems" did not constitute "exceptional circumstances"; (3) vacating the other judge's order granting plaintiff's unopposed motion to reinstate the complaint and extend discovery; (4) denying plaintiff's motion for reconsideration; and (5) not enforcing the procedural requirements of Rule 4:23-5(a)(1) and (a)(2). Based upon our review of the record, we conclude that the dismissal with prejudice under Rule 4:23-5(a)(2) was an impermissible basis and, therefore, constituted an abuse of discretion requiring reversal.

Our scope of review of a dismissal of a complaint with prejudice for failure to make discovery is limited to whether the trial court abused its discretion. Abtrax, 139 N.J. at 517. A trial court abuses its discretion when the "decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." United States v. Scurry, 193 N.J. 492, 504 (2008) (alteration in original) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

12

"The dismissal of a party's cause of action, with prejudice, is drastic and is generally not to be invoked except in those cases in which the order for discovery goes to the very foundation of the cause of action, or where the refusal to comply is deliberate and contumacious."  Abtrax, 139 N.J. at 514 (quoting Lang v. Morgan's Home Equip. Corp., 6 N.J. 333, 339 (1951)). "Since dismissal with prejudice is the ultimate sanction, it will normally be ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party, or when the litigant rather than the attorney was at fault."  Ibid. (quoting Zaccardi v. Becker, 88 N.J. 245, 253 (1982)).

The well-settled purpose of Rule 4:23-5 is to elicit outstanding discovery "rather than to punish the offender by the loss of his cause of action or defense."  Zimmerman v. United Servs. Auto. Ass'n, 260 N.J. Super. 368, 374 (App. Div. 1992).  To that end, to succeed on a motion to dismiss with prejudice under Rule 4:23-5 for failure to make discovery, the moving party must strictly comply with the requirements of the rule, id. at 373, which "involves a two-step process."  Sullivan v. Coverings & Installation, 403 N.J. Super. 86, 93 (App. Div. 2008).

"First, the aggrieved party may move for dismissal for non-compliance with discovery obligations," under paragraph (a)(1) of

the rule, and "if the motion is granted, the complaint is dismissed without prejudice."  Ibid.  Next,

> If an order of dismissal . . . without prejudice has been entered pursuant to paragraph (a)(1) of this rule and not thereafter vacated, the party entitled to discovery may, after the expiration of [sixty] days from the date of the order, move on notice for an order of dismissal . . . with prejudice.
>
> [R. 4:23-5(a)(2).]

However, Rule 4:23-5(a)(1) dismissals expressly apply only to non-compliance with discovery pursuant to Rule 4:17, pertaining to interrogatories, Rule 4:18, pertaining to demands for documents, and Rule 4:19, pertaining to demands for medical examinations.  It does not apply to non-compliance with discovery pursuant to Rule 4:14, pertaining to depositions.  That relief can be sought only after a party first fails to comply with an order to compel depositions previously issued under Rule 4:23-5(c), which states:

> Prior to moving to dismiss pursuant to subparagraph (a)(1) of this rule, a party may move for an order compelling discovery demanded pursuant to [Rule] 4:14 . . . .  An order granting a motion to compel shall specify the date by which compliance is required.  If the delinquent party fails to comply by said date, the aggrieved party may apply for dismissal or suppression pursuant to subparagraph (a)(1) of this rule by promptly filing a motion to which the order to compel shall be annexed, supported by a

14

> certification asserting the delinquent party's failure to comply therewith.

Alternatively, a dismissal can be granted in the court's discretion for failure to appear for a deposition under Rule 4:23-4, but is not required in the same manner as prescribed in Rule 4:23-5(a)(2).

Here, as plaintiff's counsel pointed out, defendants never moved for an order to compel plaintiff's deposition prior to moving to dismiss pursuant to Rule 4:23-5(a)(1) and, in turn, Rule 4:23-5(a)(2). Therefore, defendants were not entitled to a dismissal, with or without prejudice, under Rule 4:23-5. As we stated in a related context in Colonial Specialty Foods, Inc. v. Cty. of Cape May, 317 N.J. Super. 207, 210 (App. Div. 1999), allowing an aggrieved party to obtain a dismissal with prejudice under Rule 4:23-5(a)(2) after obtaining a dismissal without prejudice for a discovery violation not encompassed in subparagraph (a)(1) of Rule 4:23-5 "would deprive a party of the procedural safeguards incorporated throughout [Rule] 4:23-5, and overlooks the rule's integrated structure and purpose."

Consequently, we are constrained to vacate the orders dismissing plaintiff's complaint with prejudice, and denying plaintiff's motions to reinstate the complaint and for reconsideration. We remand for reconsideration under Rule 4:23-4, mindful that "dismissal with prejudice is the ultimate

15

sanction," and "will normally be ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party . . . ."  Abtrax, 139 N.J. at 514 (quoting Zaccardi, 88 N.J. at 253).  See Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (holding that the decision to grant or deny a motion for reconsideration under Rule 4:49-2 falls "within the sound discretion of the [trial court], to be exercised in the interest of justice") (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION