957 A.2d 216 (2008)
403 N.J. Super. 86
Francis and Aniela SULLIVAN, Plaintiffs-Appellants,
v.
COVERINGS & INSTALLATION, INC., Frank F. Setola, and Cheryl A. Setola, Defendants-Respondents, and
Robert Post Heating & Cooling, Inc. and Robert Post, individually,[1] Defendants.
Docket No. A-6025-06T1
Superior Court of New Jersey, Appellate Division.
Submitted May 29, 2008.
Decided October 8, 2008.
*218 Lueddeke Law Firm, for appellants (Karri Lueddeke, on the brief).
Maggs & McDermott, Brielle, for respondents (John J. McDermott, III, of counsel; Mr. McDermott and Tennant D. Magee, Sr., on the brief).
Before Judges STERN, SAPP-PETERSON and MESSANO.
The opinion of the court was delivered by
SAPP-PETERSON, J.A.D.
Plaintiffs, Francis and Aniela Sullivan,[2] appeal from the June 26, 2006 order denying their motion to reinstate their complaint against defendants, Frank and Cheryl Setola (Setolas) and Coverings & Installation, Inc. (Coverings) (collectively defendants), that had been dismissed a year earlier for discovery violations. They also appeal from the September 8, 2006 order denying their motion for reconsideration. We affirm both orders but clarify the status of the dismissed complaint.
The complaint, filed on June 17, 2003, arises out of a construction project dispute involving plaintiffs' residence located in Spring Lake. Plaintiffs contend they contracted with Setola[3] and Coverings, a corporation with which they claim Setola was affiliated either as a director, employee, principal or officer, to perform the work on their residence. Plaintiffs asserted claims of breach of contract and consumer fraud against Setola and Coverings. The complaint also alleged that the Setolas breached a written rental agreement for property they leased from plaintiffs that was also located in Spring Lake.
On January 16, 2003, before the civil action was filed, Setola was charged with theft by unlawfully taking or exercising control over certain moveable property belonging to Francis, N.J.S.A. 2C:20-3(a). A warrant was issued for Setola's arrest on August 28, 2003. The court granted a stay of the civil litigation pending disposition of the criminal matter. In a letter dated May 19, 2004, defendants' counsel notified the court and plaintiffs' counsel that the criminal matter had been dismissed, and the court thereafter lifted the stay. On June 21, 2004, the court granted defendants' motion to file an amended answer and third amended counterclaim against plaintiffs alleging, among other things, malicious prosecution and abuse of process.
Although there had been other discovery matters that prompted defendants to seek relief from the court, the discovery issue that ultimately resulted in the dismissal of plaintiffs' complaint involved the inspection of plaintiffs' home. On August 13, 2004, defendants sent a written request to plaintiffs' counsel requesting dates for their expert to inspect plaintiffs' residence. Defendants sought inspection dates for sometime in September. Plaintiffs did not respond to this request and defendants moved for an order compelling plaintiffs to schedule the inspection. The court entered an order on December 3, 2004, directing *219 plaintiffs "to provide alternative dates for the scheduling of a structural inspection within 5 days" of the date of the order. Plaintiffs failed to do so. Defendants sent additional correspondence to plaintiffs' counsel dated February 22 and February 28, 2005, requesting inspection dates. The inspection was ultimately scheduled and took place on March 10, 2005. According to defendants, plaintiffs interfered with the inspection and it was not completed.
Defendants filed a notice of motion to dismiss the complaint for plaintiffs' failure to permit the inspection. The motion was originally returnable April 15, 2005, but was adjourned to afford plaintiffs an opportunity to submit opposition. Plaintiffs claim they submitted opposition, which included a certification from Francis dated May 6, acknowledging that he was present during the inspection and explaining that in view of a restraining order in place against Setola, he "felt it was necessary to keep a close watch on [Setola's] actions ... during the inspection." Francis also stated that he believed Setola and the expert left the premises because they had completed the inspection. He suggested that both counsel be present if another inspection was necessary.
The motion was heard without oral argument and the order dismissing the complaint is boldly stamped "NO OPPOSITION RECEIVED." It therefore appears the court never considered plaintiffs' opposition.[4] Although the court dismissed the complaint, the order provided that "[plaintiffs] may arrange inspection within 30 days of [the] order and apply for reinstatement within 30 days of [the] prior period." Plaintiffs did not seek reconsideration of this order or reinstatement during the next thirty days. Nor did plaintiffs seek leave to file an interlocutory appeal of the order.
Nearly one year later, on May 24, 2006, plaintiffs moved to reinstate the complaint. Plaintiffs' counsel submitted a certification in support of the motion in which he stated,
I do not recall receiving from the defendant the Order of May 27, 2005 dismissing Plaintiff[s'] Complaint and it was not until March 23, 2006 when my secretary contacted the Court in order to find out the status of the case that I was advised that Plaintiff[s'] Complaint had been dismissed....
Francis also submitted a certification in support of the application. He stated that he was unaware the complaint had been dismissed, thought the inspection had been completed on March 10, 2005, and offered to schedule a second inspection at the convenience of defendants. Although the dismissal order bore the notation "NO OPPOSITION RECEIVED[,]" the reinstatement motion did not address the fact that the court may have dismissed the complaint without considering plaintiffs' opposition.
Defendants opposed the motion. Their attorney submitted a certification in which he detailed the discovery history between the parties. He stated that plaintiffs had been uncooperative with defendants' demand to inspect the property since the beginning of the lawsuit, refused to provide dates for the structural inspection despite a court order directing them to do so, and once his client and the expert arrived at plaintiffs' residence to conduct the inspection, plaintiffs physically prevented them from performing the inspection. He also stated that he mailed a copy *220 of the dismissal order to plaintiffs' attorney and continued, to no avail, to attempt to reschedule the inspection.
On June 26, 2006, the court entered an order denying reinstatement. In a written statement of reasons that accompanied the order, the court concluded:
While plaintiff[s'] counsel may claim [he] did not receive a copy of the [May 27, 2005] Order, this court does not find that convincing. Plaintiff[s'] counsel was aware that a motion was pending. Even if plaintiff[s'] counsel did not receive a copy of the Order, he should have determined the status of the case long before he claims he did. This court does not find good cause for providing relief beyond the Order dated May 27, 2005 and therefore DENIES plaintiff[s'] motion to reinstate.
Plaintiffs moved for reconsideration, and in support of that motion Aniela submitted a certification that primarily addressed her allegations about Setola's alleged business dealings and the contentious landlord/tenant relationship she and her husband had experienced with the Setolas. She also provided her explanation of the events that occurred during the first inspection. Additionally, she acknowledged that her attorney contacted her about defendants' request for another inspection and claimed that she and her husband offered dates. Finally, she indicated that neither she nor her husband received notice of a re-inspection date from their attorney's office. Once again, plaintiffs' counsel did not bring to the court's attention the possibility that the court had failed to consider plaintiffs' opposition.
The court denied reconsideration, finding that the motion was procedurally barred because it was not "filed within twenty (20) days after service of the judgment or order upon all parties by the party obtaining it[,]" in accordance with Rule 4:49-2. As an additional basis for the denial, the court relied upon the reasons "explained in its prior memo pursuant [to] R. 1:6-2(f)...." The present appeal followed.
On appeal plaintiffs contend the trial court abused its discretion in denying their motion to reinstate the complaint because their discovery violation was not "egregious, deliberate or contumacious." In addition, plaintiffs urge that a lesser sanction than dismissal was warranted because the discovery violation does not relate to their cause of action and defendants failed to show that they would suffer prejudice should reinstatement occur.
Defendants argue that "dismissal of plaintiffs' complaint with prejudice was properly entered in accordance with Rule 4:23-5," and no demonstration of prejudice is required for dismissals pursuant to this rule. They also contend that plaintiffs' actions and the conduct of their attorney justified the dismissal. Finally, defendants urge that in the event the matter is remanded for a hearing on a lesser sanction, counsel fees and costs incurred in opposing the reinstatement motions and defending plaintiffs' appeal should be addressed.
Whether to grant or deny a motion to reinstate a complaint lies within the sound discretion of the trial court. Cooper v. Consolidated Rail Corp., 391 N.J.Super. 17, 22-23, 916 A.2d 1061 (App.Div.2007) (citing Comeford v. Flagship Furniture Clearance Ctr., 198 N.J.Super. 514, 517, 487 A.2d 1257 (App.Div.1983), certif. denied, 97 N.J. 581, 483 A.2d 126 (1984)). We will "decline[] to interfere with [such] matters of discretion unless it appears that an injustice has been done." Ibid.
We initially observe that defendants' notice of motion dated March 18, 2005, seeking dismissal of plaintiffs' complaint for *221 failure to permit the inspection, did not reference the particular rule under which defendants sought relief. However, defendants urge in their brief that "Rule 4:23-5 should be the Appellate Division's guide in examining a trial court's decision to dismiss a case with prejudice." We agree.
A complaint dismissed under Rule 4:23-5 involves a two-step process. First, the aggrieved party may move for dismissal for non-compliance with discovery obligations and, if the motion is granted, the complaint is dismissed without prejudice. R. 4:23-5(a)(1). Thereafter, if the delinquent party does not cure the discovery delinquency, "the party entitled to the discovery may, after the expiration of 60 days from the date of the order, move on notice for an order of dismissal ... with prejudice." R. 4:23-5(a)(2). Thus, the rule, as it currently exists, does not provide for the automatic conversion of a dismissal without prejudice into a dismissal with prejudice when there is a continued failure to provide the outstanding discovery. Rather, the rule expressly provides that restoration of the complaint may occur at any time prior to dismissal of the complaint with prejudice, provided the delinquent party has cured the delinquency and paid the requisite reinstatement fee, as well "as sanctions or counsel fees and costs, or both," that the court may order as a condition of reinstatement. Ibid.
Here, at the time plaintiffs sought reinstatement, nearly one year after the complaint's dismissal, the inspection contemplated under the court's May 27, 2005 order had not yet occurred. Consequently, the court should have denied the motion on that basis alone. Instead, what the court focused upon was plaintiffs' contention that neither they nor their attorney received the order dismissing the complaint.
In denying reinstatement, the court reasoned that even assuming the dismissal order had not been received, "[p]laintiff[s'] counsel was aware that a motion was pending[,]" and "should have determined the status of the case long before he claims he did." The court concluded that plaintiffs failed to demonstrate "good cause" for the relief they sought.
"Good cause," however, was not the standard by which the court should have disposed of the motion. As stated earlier, restoration of a complaint dismissed without prejudice under Rule 4:23-5(a)(1) requires that prior to reinstatement, the delinquent party satisfy the court that the outstanding discovery resulting in the dismissal order has been provided and that payment of the requisite restoration fee has been made, along with payment of any counsel fees, costs or sanctions ordered by the court.
In their brief, defendants concede that they did not "technically comply with the requirements of Rule 4:23-5," presumably because they did not formally move for dismissal with prejudice under section (a)(2) of the rule. Relying upon our decision in Feinsod v. Noon (Feinsod II), 272 N.J.Super. 248, 251-52, 639 A.2d 750 (App. Div.1994), they urge that "technical compliance with the terms of the Rule is not necessary." We disagree that Feinsod II is dispositive.
At the outset, Feinsod II involved a motion for relief from judgment pursuant to Rule 4:50, rather than application of Rule 4:23-5(a)(2), as defendants urge here. Id. at 251, 639 A.2d 750. Following the dismissal of the plaintiff's complaint without prejudice pursuant to Rule 4:23-5(a)(1), the defendants filed a motion to dismiss the complaint with prejudice under section (a)(2) of the rule because the plaintiff continued in her failure to provide the requisite discovery. Id. at 250, 639 A.2d *222 750. The trial court granted the motion. Ibid. The plaintiff thereafter attempted to file a new complaint. In an earlier opinion, we upheld the trial court's dismissal of the new complaint based upon the prior dismissal with prejudice. Feinsod v. Noon, 261 N.J.Super. 82, 617 A.2d 1234 (App.Div.1992) (Feinsod I). The plaintiff then moved, pursuant to Rule 4:50, to vacate the order dismissing her complaint with prejudice, arguing that her attorney failed to comply with the requirement under Rule 4:23-5(a)(2) that she be provided notice of the proposed action prior to the return date of the motion. Feinsod II, supra, 272 N.J.Super. at 251, 639 A.2d 750. We concluded that simply because the plaintiff's own attorney or the court failed to comply with all of the procedural requirements of section (a)(2), that did not automatically entitle her to a vacation of the order of dismissal. Ibid. To the contrary, we determined that the plaintiff was required to establish exceptional circumstances for reinstatement in accordance with the standards for such relief under Rule 4:50-1. Id. at 251-52, 639 A.2d 750 (citing Feinsod I, supra, 261 N.J.Super. at 85, 617 A.2d 1234). Consequently, the procedural history of Feinsod II was viewed through the lens of Rule 4:50's exceptional circumstances requirements.
That Rule 4:23-5 contemplates technical compliance with its two-step process, at least by the moving party, is confirmed in the very language of the rule. As previously stated, there is no provision in this rule for the automatic dismissal of a complaint with prejudice where reinstatement is not sought. Nor does the rule require that a defendant seek a dismissal with prejudice. Rather, the rule expressly permits a plaintiff, whose complaint has been dismissed without prejudice under section (a)(1), to seek restoration of the complaint at any time prior to its dismissal with prejudice.
Construed in this manner, Rule 4:23-5 continues to reflect the ultimate objective to encourage resolution of disputes on the merits. The Trust Co. of New Jersey v. Sliwinski, 350 N.J.Super. 187, 192, 794 A.2d 843 (App.Div.2002) (citing Aujero v. Cirelli, 110 N.J. 566, 542 A.2d 465 (1988)). At the same time, the rule affords a party aggrieved by dilatory discovery tactics a remedy to compel production of the outstanding discovery and the right to seek final resolution through the two-step dismissal process.
While we interpret Rule 4:23-5(a)(1) as imposing no time constraints for seeking reinstatement, we find merit in the trial judge's apparent reasoning that plaintiffs' inexplicable delay in checking on the status of the matter does not demonstrate "good cause" for relief. Nonetheless, as we noted earlier, "good cause" is not the standard for restoration under Rule 4:23-(a)(1). Since defendants never formally moved to dismiss the complaint with prejudice, plaintiffs' complaint remains dismissed without prejudice and the parties are left to their respective remedies under the rule.
We briefly address the denial of plaintiffs' motion for reconsideration. The court, in the first instance, denied the motion because it was not filed within twenty days of the June 26 order. We have previously held that the time prescriptions set forth in Rule 4:49-2 apply to final judgments and orders, not interlocutory orders, which are reviewable at any time. See Johnson v. Cyklop Strapping Corp., 220 N.J.Super. 250, 263, 531 A.2d 1078 (App.Div.1987), certif. denied, 110 N.J. 196, 540 A.2d 189 (1988). At the time defendants moved to dismiss plaintiffs' complaint for discovery violations, plaintiffs' claims against Post remained pending. The claims against Post were resolved *223 via settlement on June 11, 2007.[5] As such, the dismissal of plaintiffs' complaint was interlocutory and, therefore, plaintiffs' motion for reconsideration was not untimely. Thus, the court erred when it denied plaintiffs' motion on procedural grounds. Because the court proceeded to consider the merits of the reconsideration motion, the error was harmless.
Turning to the court's substantive consideration of the motion, the court relied upon its statement of reasons attached to its June 26 order denying reinstatement. Yet, the focus of plaintiffs' reconsideration motion was their contention that the court's June 26 order effectively dismissed their complaint with prejudice, an argument not addressed in the court's statement of reasons appended to the June 26 order. In view of our determination that the complaint remains dismissed without prejudice, this argument is moot.
Affirmed, as modified.
NOTES
[1] Plaintiffs have settled with Robert Post Heating & Cooling, Inc. and Robert Post, individually (collectively Post).
[2] On occasion within this opinion we refer to the Sullivans by their first names. We do so for ease of reference only and intend no disrespect.
[3] Reference to Setola in the singular refers to Frank Setola.
[4] We make no determination as to whether the court's failure to consider the opposition resulted from judicial oversight or for some other reason attributable to plaintiffs.
[5] The Civil Action Order of Disposition dated June 11, 2007 dismissing the claims against Post as "[s]ettled while scheduled for trial" was not included in the appendices filed by either party.