**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3606-16T3

1st COLONIAL COMMUNITY
BANK,

    Plaintiff-Respondent,

v.

TRACEY FARKAS,

    Defendant-Appellant.

_____

Submitted February 7, 2018 — Decided June 28, 2018

Before Judges Nugent and Geiger.

On appeal from Superior Court of New Jersey,
Law Division, Camden County, Docket No. L-
1613-16.

Francis X. Moran, attorney for appellant.

Saldutti Law Group, attorneys for respondent
(Thomas B. O'Connell, of counsel and on the
brief).

PER CURIAM

    A party seeking sanctions against an adversary for engaging in frivolous litigation must, among other things, file the motion for sanctions "no later than [twenty] days following the entry of

final judgment." R. 1:4-8(b)(2). To be "final," a judgment must be final as to all parties and all issues.

In the case before us, the trial court dismissed defendant Tracey Farkas's motion for sanctions as untimely, because Farkas filed the motion more than twenty days after the court entered summary judgment in her favor. When the court entered the order for summary judgment, however, plaintiff 1st Colonial Community Bank (the Bank) had pending a motion to amend the complaint. Because the issue of the amendment remained unresolved when the court filed the order for summary judgment, the summary judgment order was not final. For that reason, we find Farkas's appeal meritorious, vacate the order dismissing her claim for frivolous litigation sanctions, and remand for disposition of the motion on its merits.

This action's procedural history began in May 2016 when the Bank filed a three-count complaint against Farkas. The complaint alleged that when the Bank commenced a foreclosure action against a commercial property primarily operated as a bar and restaurant, Farkas was a tenant in an apartment on the second floor. The complaint also alleged that after the Bank commenced the foreclosure action, the court appointed a receiver, the receiver entered into a lease with Farkas, and Farkas made no rental payments as required by the lease. Discovery later established

there never was a lease. The complaint stated causes of action against Farkas for breach of the lease, negligence, and equitable and legal fraud.

Farkas filed an answer, asserted the complaint was frivolous, and sent a letter demanding the Bank dismiss the complaint to avoid sanctions under Rule 1:4-8 and N.J.S.A. 2A:15-59.1, the rule and statute that, among other remedies, permit a party to recover counsel fees when an adversary has engaged in frivolous litigation. The Bank did not dismiss the complaint, even though counsel for the Bank admitted during discovery — contrary to the allegations in the complaint — that no lease existed between either the Bank or the receiver and Farkas. Despite the absence of a lease and any basis for the complaint's negligence and fraud counts, the Bank filed a motion for summary judgment, which the court denied.

Following discovery, Farkas filed a motion for summary judgment, which the court granted. The court entered the order for summary judgment on December 16, 2016. Meanwhile, on December 12, 2016, four days before the court decided the summary judgment motion, the Bank had filed a motion to amend the complaint. The court did not dispose of the Bank's motion to amend when it granted summary judgment to Farkas.

The Bank's notice of motion to amend the complaint did not specify the precise relief sought, that is, what the proposed

amendment would entail. The body of the Bank's supporting brief suggested the Bank sought to add causes of action against Farkas based on unjust enrichment and quantum meruit. In contrast, the brief's sole point heading stated: "PURSUANT TO R. 4:9-1, THIS COURT SHOULD PERMIT PLAINTIFF'S MOTION TO AMEND THE COMPLAINT TO ADD ELIZABETH DEMPSEY AS AN ADDITIONAL DEFENDANT." The proposed order did not mention Elizabeth Dempsey and was consistent with the body of the brief.

The Bank did not withdraw its motion to amend, either before or when the court decided Farkas's summary judgment motion, and the court did not dispose of the Bank's motion to amend when it granted summary judgment to Farkas. On January 3, 2017, the Bank wrote a letter to the court, which stated: "Please allow this correspondence to serve a[s] [p]laintiff's request to withdraw the motion to amend, returnable on January 20, 2017." According to the court's automated case management system, the motion was disposed of on the return date when the "proceeding" was noted on the docket as "cancelled" because the motion had been withdrawn.

Farkas filed a motion seeking frivolous litigation sanctions on January 24, 2017, thirty-nine days after the order for summary judgment, twenty-one days after the date of the Bank's letter withdrawing the motion to amend, and four days after the return

date of plaintiff's motion to amend.  The court denied Farkas's motion as untimely.

During oral argument on Farkas's motion for sanctions, in response to the court's question, Farkas explained the case did not end with the grant of summary judgment, because she was required to respond to the motion to amend the complaint.  The court pointed out the party the Bank sought to add to the case was not Farkas.  The court questioned Farkas about "what else" there was "that either [the Bank] could call her into court on, or [the judge] could call her into court on."  Farkas and the court apparently overlooked that the Bank sought to add two new counts against Farkas.[1]

When Farkas argued that Rule 1:4-8(b)(2) required a party to file the motion for sanctions within twenty days following the entry of a judgment, the court responded: "That was the summary judgment.  That's why it's called summary judgment."  The court gave no consideration to the rule's language requiring the party to bring the motion for sanctions "no later than [twenty] days

---

[1]  For the first time on appeal, the Bank characterizes the reference in its motion brief to implead another party as a "scrivener's error."  Perhaps the Bank did not point this out to the trial court because the court did not give the Bank the opportunity to "argue" during oral argument on Farkas's motion for sanctions.  In any event, the Bank was silent during argument on the motion, despite the court's consideration of the Bank's pending motion to amend as a motion to implead another party.

following the entry of <u>final</u> judgment." <u>R.</u> 1:4-8(b)(2) (emphasis added). The court continued, "my rule is, if you're asking for relief under a Rule or Statute, follow the Rule yourself."

The court disagreed with Farkas that the pending motion had anything to do with her. The court repeated that she was not "even a necessary party to respond to that motion." The court added, "had we gotten there on January 20th, the return date, you would not have been in court. You might have been as an interested party, but you wouldn't have had a horse in the race. Tracey Farkas had been dismissed. So, I'm denying the application." As noted, the judge's decision overlooked the other relief the Bank sought, namely, to include two additional causes of action against Farkas.[2]

Farkas moved for reconsideration, which the court denied. This appeal followed.

Farkas argues the order for summary judgment became final on January 20, 2017, the return date of the Bank's motion to amend. She also argues the trial court misapplied <u>Rule</u> 1:4-8(b)(2) by

---

[2] The record is not entirely clear as to whether the trial court was aware of the pending motion, or was merely responding to Farkas' arguments. Nevertheless, the court did not consider when a judgment was "final," and the court apparently based its decision on the inaccurate assumption the Bank sought no relief involving Farkas in its motion to amend the complaint.

misapprehending what constituted a final judgment and failing to appreciate the significance of the Bank's motion to amend the complaint.

The Bank argues the trial court properly determined the summary judgment order was final. Essentially, the Bank contends that when the court granted summary judgment to Farkas, the Bank's motion to amend the complaint became moot.

This appeal does not involve any disputed facts. Rather, the issue to be resolved involves the application of legal principles to undisputed facts. For that reason, we owe no deference to the trial court's legal conclusions. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

A party seeking frivolous litigation sanctions against an adversary's attorney and an adversary under Rule 1:4-8 and N.J.S.A. 2A:15-59.1 must follow the procedure set forth in Rule 1:4-8. State v. Franklin Sav. Account, 389 N.J. Super. 272, 281 (App. Div. 2006). One such requirement is that the party seeking sanctions must file the motion "no later than [twenty] days following the entry of final judgment." Rule 1:4-8(b)(2). It is now "well settled that a judgment, in order to be eligible for appeal as a final judgment, must be final as to all parties and all issues." Pressler & Verniero, Current N.J. Court Rules, cmt. 2.2.2 on R. 2:2-3 (2018). Interlocutory orders are reviewable by

a trial court at any time. <u>Sullivan v. Coverings & Installation, Inc.</u>, 403 N.J. Super. 86, 96 (App. Div. 2008) (citation omitted).

Here, the order granting Farkas summary judgment was not final, because, when the trial court granted Farkas summary judgment, the Bank's motion to amend the complaint remained pending. Had the Bank not withdrawn the motion, the trial court would have disposed of it on its return date.[3] Contrary to the trial court's assumption at oral argument, the motion directly affected Farkas. Had the court granted the motion, Farkas would have been required to defend against two additional causes of action. She indeed "had a horse in the race."

Nor do we find persuasive the proposition that Farkas did not have to respond to the Bank's motion to amend in light of the summary judgment motion. Lawyers cannot be expected to predict with certainty how a trial court will rule on any given motion. Farkas and her attorney were obligated to respond to the Bank's motion.

In any event, the order for summary judgment did not dispose of all issues as to all parties. Hence, it was not a final order. And even if it were a final order, the confusion concerning its

---

[3] The Bank does not argue the order of summary judgment became final when it withdrew the motion to amend.

A-3606-16T3

finality — which was left unresolved when the bank did not withdraw its motion to amend and the court did not resolve the issue during the hearing on Farkas's summary judgment motion — militated in favor of the court relaxing the filing deadline in the interests of justice. R. 1:1-2(a).

For the foregoing reasons, the orders denying Farkas's motion for frivolous litigation sanctions and reconsideration are vacated. The matter is remanded for consideration of the motion on the merits by a different judge. Our opinion should not be construed as suggesting in any way the outcome of the motion. We do not retain jurisdiction.

Vacated and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION