**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3603-16T4

JULIANA IHEME,

     Plaintiff-Appellant,

v.

BJ's WHOLESALE CLUB INC.,

     Defendant-Respondent.

_____

Argued October 15, 2018 – Decided December 6, 2018

Before Judges Sumners and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-1155-14.

Eric G. Kahn argued the cause for appellant (Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, attorneys; Eric G. Kahn, of counsel; Annabelle M. Steinhacker, on the brief).

Christopher B. Block argued the cause for respondents (Marshall Dennehey Warner Coleman & Goggin, attorneys; Walter F. Kawalec, III, on the brief).

PER CURIAM

Plaintiff Julia Iheme appeals from the trial court's order denying her motion to reinstate her complaint. We reverse and remand.

Plaintiff filed a complaint against defendant BJ's Wholesale Club, Inc. ("BJ's") on March 14, 2014, alleging she was injured on defendant's premises in July 2012. In December 2014, after not receiving responses to discovery requests, defendant inquired about the status of its requests. Plaintiff did not respond to the discovery requests. Subsequently, defendant filed a motion to dismiss the complaint without prejudice for failure to respond to discovery demands, pursuant to Rule 4:23-5.

Prior to the return date, plaintiff supplied all outstanding discovery and defense counsel contacted the motion judge to withdraw the motion. Nonetheless, on February 20, 2015, the judge inadvertently dismissed plaintiff's complaint without prejudice. Thereafter, the parties submitted a consent order vacating the order dismissing plaintiff's complaint, but it was returned for failure to file the $300 reinstatement fee.

On February 24, 2017, plaintiff filed a motion to reinstate the complaint, which included the $50 filing fee as well as the $300 reinstatement fee. Defendant opposed the motion to reinstate, arguing that it would be prejudiced because some of the employees who worked at BJ's in 2012 no longer work for

A-3603-16T4

the company and because the way it handles claims and investigations has changed since 2012. Plaintiff's counsel explained that the delay in bringing the motion to reinstate was due to his illness and the illness of his secretary. Plaintiff's counsel had thyroid tumors removed in 2015 and his secretary was unable to continue working due to severe lupus symptoms that arose contemporaneously.

On March 17, 2017, the trial court denied plaintiff's motion to reinstate the complaint. The trial court wrote on the order that plaintiff lacked "due diligence in moving to restore [the complaint] for over [two] years" and that the delay "resulted in prejudice to the defendant." The trial court also utilized a "good cause" standard and found that plaintiff did not show good cause to reinstate the complaint. This appeal ensued.

"The decision to deny a motion to reinstate a complaint dismissed for failure to provide discovery lies within the discretion of the motion judge." A&M Farm & Garden Ctr. v. Am. Sprinkler Mech., LLC, 423 N.J. Super. 528, 534 (App. Div. 2012) (citations omitted). Thus, we should not reverse a denial of a motion to reinstate unless the motion judge abused her discretion. Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 93 (2008) (citing Cooper v. Consol. Rail Corp., 391 N.J. Super. 17, 22-23 (App.Div.2007)). We should

"decline[ ] to interfere with [such] matters of discretion unless it appears that an injustice has been done." Ibid. (alterations in original). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. and Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Rule 4:23-5 states,

> If a demand for discovery pursuant to R. 4:17, R. 4:18, or R. 4:19 is not complied with . . . , the party entitled to discovery may . . . move, on notice, for an order dismissing or suppressing the pleading of the delinquent party. . . . Unless good cause for other relief is shown, the court shall enter an order of dismissal or suppression without prejudice. . . . The delinquent party may move on notice for vacation of the dismissal or suppression order at any time before the entry of an order of dismissal or suppression with prejudice.

Rule 4:23-5 does not contemplate an automatic conversion of dismissal without prejudice to dismissal with prejudice, and does not impose a time constraint for moving to reinstate a complaint dismissed without prejudice. See Sullivan, 403 N.J. Super. at 93-94, 96; Pressler & Verniero, Current N.J. Court Rules, cmt. 1.2 on R. 4:23-5 (2019) ("The defaulting party's opportunity to move for restoration does not terminate on the 90th day following entry of the order dismissing without prejudice. Rather, the defaulting party may make that motion at any

4

time up until the entry of an order dismissing with prejudice pursuant to paragraph (a)(2)."). "Good cause" is not the standard by which courts should decide whether to reinstate a complaint under Rule 4:23-5. See Sullivan, 403 N.J. Super. at 94. Rather, "good cause" is the standard that applies to the motion to dismiss without prejudice. Adedoyin v. Arc of Morris Cty. Chapter, Inc., 325 N.J. Super. 173, 180 (App. Div. 1999).

Here, plaintiff made a motion to reinstate her complaint after it was inadvertently dismissed without prejudice. Plaintiff cured her discovery delinquency shortly before the order dismissing without prejudice was entered in 2015. In the two years that the dismissal without prejudice was in place, defendant did not make a motion to dismiss with prejudice under Rule 4:23-5 because it could not. See R. 4:23-5(b) (stating that a party may move to dismiss with prejudice if the delinquent party does not cure its discovery defect). Thus, plaintiff makes her motion to reinstate pursuant to Rule 4:23-5(a), which does not impose a time constraint. See Sullivan, 403 N.J. Super. at 93-94, 96; Pressler & Verniero, cmt. 1.2 on R. 4:23-5.

The rule also does not utilize a "good cause" standard for reinstatement. See Sullivan, 403 N.J. Super. at 94. Thus, the trial court relied on the incorrect standard in denying plaintiff's motion to reinstate the complaint. See ibid.

A-3603-16T4

Because the trial court denied plaintiff's motion to reinstate for failure to demonstrate "good cause" and for lacking "due diligence in moving to" reinstate the complaint, we find that the trial court's denial of plaintiff's motion to restore the complaint was a mistaken exercise of its discretion. See Flagg, 171 N.J. at 571.

With respect to prejudice, "[t]he principal concern [is] . . . the defendant's ability to present a defense on the merits." State v. One 1986 Subaru, 120 N.J. 310, 315 (1990) (quoting Crispin v. Volkswagenwerk, A.G., 96 N.J. 336, 345 (1984)). In Baskett v. Cheung, 422 N.J. Super. 377, 384 (App. Div. 2011), the Appellate Division rejected a defendant's claim of prejudice where the defendant claimed that it was "prejudiced by the passage of time." There, the party claiming prejudice argued that witnesses' memories "clearly have faded," and that it would not be able to obtain depositions from any of the plaintiffs. Id. at 384-85. The Appellate Division found the claims to be "generalities" and "conjectures." Ibid.

Here, defendant has not demonstrated that it would experience prejudice by reinstating plaintiff's complaint. Defendant claims that it is prejudiced by the passage of time because the person who originally managed the claim no longer works for the company and because it would be unable to conduct an

A-3603-16T4

investigation into the claim because of the "usual turnover in the retail business." However, defendant fully investigated the claim, starting on the date of the incident by preparing and incident report, by propounding and receiving plaintiff's answers to interrogatories prior to the return date of the motion to dismiss, and by taking plaintiff's deposition four months after the complaint was dismissed without prejudice. Defendant at oral argument could not articulate what further investigation would have been pursued in this routine fall down case. Defendant merely lists "generalities" and "conjectures" about potential difficulties with discovery. Baskett, 422 N.J. Super. at 384-85. However, defendant has not offered "a scintilla of evidence . . . to suggest that anything in this parade of horribles exists or is likely to come to pass." Id. at 385. Thus, defendant has not demonstrated that it has or will experience prejudice if plaintiff's complaint were reinstated.

For these reasons, we reverse and remand for proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION