**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1895-18T2

SEASIDE PROPERTIES, LLC,

    Plaintiff-Respondent,

v.

ARF REALTY MANAGEMENT and
ARF REALTY INVESTORS CORP.,

    Defendants/Third Party
    Plaintiffs-Appellants,

and

PB 24 & 35 CUTTERS DOCK, LLC,

    Defendant-Respondent,

v.

SEASIDE PROPERTIES, LLC, WALTER
JAKOVCIC, RICHARD MATERA,
TITAN DEMOLITION & SALVAGE, LLC,
UNITED WASTE MANAGEMENT, INC.,
RAILWAY PROPERTY, LLC, BLUE
DOLPHIN FREIGHT SYSTEMS, INC.,
GREEN AMERICAN TECHNOLOGIES,
INC., d/b/a AMERICAN EAGLE PALLETS,
and MATJAC PALLETS, INC., d/b/a

AMERICAN EAGLE PALLETS,

>Third-Party Defendants-
>Respondents,

and

JADRANKA JAKOVIVC and
PAMELA MATERA,

>Third-Party Defendants.

Submitted March 31, 2020 – Decided June 16, 2020

Before Judges Accurso and Gilson.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. C-000092-17.

The Behrins Law Firm, attorneys for appellants (Jonathan B. Behrins, on the briefs).

Wilentz Goldman & Spitzer, PC, attorneys for respondents Seaside Properties, LLC, Titan Demolition & Salvage, LLC, United Waste Management, Inc., Railway Property, LLC, Blue Dolphin Freight Systems, Inc., Green American Technologies, Inc., and Matjac Pallets, Inc. (Willard C. Shih and Daniel A. Cozzi, of counsel and on the brief).

PER CURIAM

This appeal arises out of a dispute over whether defendants produced all documents responsive to discovery demands. Defendants ARF Realty

Management and ARF Realty Investors Corporation (ARF or defendants) appeal from orders striking their pleadings with prejudice for failing to produce more responsive discovery and denying their motions to reinstate their pleadings and for reconsideration. We reverse and remand with directions that the trial court make specific findings of fact warranting the harsh sanction of dismissal, in accordance with Rule 1:7-4. If such findings cannot be made, the trial court is to reinstate the pleadings and consider a lesser sanction under Rule 4:23-2. See also R. 4:18-1(b)(4).

## I.

We derive the facts from the record developed on the motions to compel discovery and dismiss ARF's pleadings. The record provided to us is relatively extensive; it includes twenty volumes of appendices and three transcripts. While there are thousands of pages submitted, the parties have provided little analysis of whether the thousands of pages of documents that were produced by ARF are responsive to plaintiff's document demands.

The underlying litigation concerns allegations about alleged loans and alleged mortgages. Plaintiff Seaside Properties, LLC (Seaside or plaintiff) owns property located in Woodbridge (the Property). In June 2017, Seaside filed a complaint seeking to quiet title to the Property and declare a mortgage and an

assignment of that mortgage void and unenforceable.  Seaside asserted that in February 2014, ARF had improperly filed a mortgage in the amount of $3.5 million on the Property (the Mortgage).  Seaside also asserted that the allegedly invalid Mortgage had thereafter been assigned to defendant PB 24 & 35 Cutters Dock, LLC (PB).

ARF disputed Seaside's claims and filed an answer asserting that the Mortgage is valid and enforceable.  ARF also asserted counterclaims against Seaside contending that it had loaned Seaside approximately $10 million and seeking repayment of those alleged loans.  In addition, ARF alleged that Seaside had been indebted to ARF prior to the disputed February 2014 Mortgage.

In September 2017, ARF also filed a third-party complaint against Seaside, its members – Walter Jakovcic and Richard Matera – and entities owned or operated by Jakovcic or Matera.  ARF contended it had loaned the third-party defendants approximately $10 million and it sought repayment of those loans.

Thereafter, the parties engaged in discovery.  In January 2018, Seaside sent interrogatories and document demands to ARF.  The document demands consisted of forty-seven requests for documents.  In February 2018, ARF responded to all forty-seven document demands, but stated that it did not have

certain documents and in response to other requests it produced copies rather than the originals.

On March 22, 2018, counsel for Seaside sent counsel for ARF a letter asserting that ARF's discovery responses were deficient. Addressing the document demands, Seaside claimed that eight out of the forty-seven responses were deficient. Of the eight alleged deficiencies, Seaside complained that in five responses ARF had sent copies of the responsive documents, but not the originals.[1]

Apparently, ARF did not initially respond to the deficiencies concerning the document demands. Accordingly, in April 2018, Seaside moved to compel discovery. On April 27, 2018, the trial court entered an order directing ARF to provide "more specific responses." On May 25, 2018, the trial court also entered a case management order directing ARF to produce the additional documents by June 8, 2018.

On June 12, 2018, Seaside moved to strike ARF's pleadings. ARF claims that on July 3, 2018, it sent more "detailed and streamlined" document responses

---

[1] Seaside also complained that ARF had answered the wrong set of interrogatories by answering the interrogatories that had been served on defendant PB. ARF subsequently cured that deficiency. Accordingly, the orders at issue on this appeal only address the alleged deficiencies with ARF's responses to document demands.

to Seaside, which included hundreds of pages of documents. ARF, however, apparently failed to oppose the motion to strike its pleadings. Consequently, on July 6, 2018, the trial court entered an order striking, without prejudice, ARF's pleadings.

Eleven days later, on July 17, 2018, ARF moved to reinstate its pleadings. In support of that motion, counsel for ARF filed an affidavit representing that ARF "has fully complied with" its discovery obligations and provided to Seaside "every document in ARF's possession which was requested in discovery." Counsel for ARF also represented that ARF did not have certain original documents.

Seaside opposed the motion to reinstate and submitted a certification from its counsel that stated: "To date, ARF . . . has not provided written responses and documents responsive to the March 22, 2018 deficiency letter." That certification did not analyze the documents produced by ARF, nor did it respond to ARF's contention that all responsive documents in ARF's possession had been produced.

On August 3, 2018, the trial court denied ARF's motion to reinstate. The court explained the reasons on the record. The court did not analyze the documents that ARF had produced to see whether they were responsive. Instead,

the trial court accepted the representation of counsel for Seaside that ARF had failed to provide responsive documents to seven of Seaside's forty-seven document requests. In that regard, the trial court listed as deficient the responses to document request numbers 10, 20, 21, 24, 25, 28, and 45. The trial court also pointed out that the motion to reinstate was supported by an affidavit from counsel and not a representative of ARF.

On August 20, 2018, ARF filed a motion for reconsideration. In support of that motion, ARF submitted a certification from Antonio Fasolino, the owner and president of ARF. Fasolino certified that (1) ARF had "fully complied with the discovery demands" from Seaside; (2) ARF had already produced copies of documents responsive to Seaside document demand numbers 10, 17, 21, 25, and 28; (3) ARF had the originals of those documents and they were available for inspection by Seaside; and (4) ARF had responded to demand numbers 20 and 24 and provided documents, and explained why ARF did not have any documents for demand number 45.

On September 14, 2018, the trial court entered an order denying ARF's motion for reconsideration. The order stated that the court had heard arguments on the motion and gave reasons for its decision in a "[b]ench [o]pinion rendered

7

on September 14, 2018," but no transcript or opinion was included in the record on this appeal.

On September 26, 2018, Seaside filed a motion to strike ARF's pleadings with prejudice. Seaside contended that ARF still had not cured the deficiencies in certain responses to document demands. On October 10, 2018, ARF produced additional responses and documents to Seaside. Those responses included hundreds of pages of documents and a certification from Fasolino describing the documents that were being produced.

ARF apparently did not file formal opposition to Seaside's motion to strike its pleadings with prejudice. Thus, on October 12, 2018, the trial court adjourned the motion to November 9, 2018, and directed ARF to file a motion to reinstate.

On November 9, 2018, the trial court heard oral argument on the motion to strike with prejudice. The court then issued an order granting that motion and supported its decision with a letter opinion. In the letter opinion, the trial court noted that ARF had failed to file a motion to reinstate, but the court pointed out that ARF had filed a certification clarifying its discovery responses. Without analyzing that certification and the documents that were submitted, the trial court found that ARF had failed to comply with Seaside's discovery requests and

failed to file a motion to reinstate as directed by the court. Consequently, the court entered an order striking with prejudice ARF's "answer and affirmative claims" under Rule 4:23-5.

## II.

On appeal, ARF argues that the trial court erred in striking its pleadings and "repeatedly" denying its "[m]otions to [r]einstate and [m]otions for [r]econsideration." In opposition, Seaside contends that ARF failed to comply with Rule 4:23-5 and the trial court properly dismissed ARF's pleadings with prejudice. What is missing from both parties' analysis is a proper examination of whether ARF's responses were deficient and whether Seaside suffered any prejudice as a result of any deficiencies.

Our review of a trial court's discovery orders is limited, and we will generally defer to discovery rulings "absent an abuse of discretion or a . . . misunderstanding or misapplication of the law." Capital Health Sys. v. Horizon Healthcare Servs., 230 N.J. 73, 79-80 (2017) (citing Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)). The well-settled purpose of Rule 4:23-5 is to elicit outstanding discovery "rather than to punish the offender . . . ." Zimmerman v. United Serv. Auto. Ass'n, 260 N.J. Super. 386, 374 (App. Div. 1992). Accordingly, dismissal "with prejudice is a drastic remedy," and courts

should use it "sparingly" where the violation of a rule or order evidences deliberate disregard of the court's authority and the non-offending party suffers prejudice. Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100, 115-16 (2005) (citations omitted).

To succeed on a motion to dismiss with prejudice under Rule 4:23-5 for failure to provide discovery, the moving party must strictly comply with the requirements of the rule, which requires a two-step process. Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 93 (App. Div. 2008). In step one, "the aggrieved party may move for dismissal for non-compliance with discovery obligations and, if the motion is granted, the [pleading] is [suppressed] without prejudice." Ibid. (citing R. 4:23-5(a)(1)). The delinquent party then has sixty days to cure and move to reinstate the pleadings. R. 4:23-5(a)(1) to (2). If it does not, in step two the non-delinquent party may seek dismissal with prejudice. Sullivan, 403 N.J. Super. at 93 (quoting R. 4:23-5(a)(2)).

Rule 4:23-5 is generally not applicable where a party has answered the discovery and there is a dispute over the adequacy of the response. As a comment to the Rule explains:

> Moreover, the rule is inapplicable where the issue is not
> a failure to answer but rather a bona fide dispute as to

the adequacy of the answers. In the latter case a dismissal is inappropriate. Rather the court must adjudicate the dispute and, if appropriate, enter an order compelling more specific answers. Zimmerman, 260 N.J Super. []368 []. See also Adedoyin v. ARC of Morris Cty., 325 N.J. Super. 173 (App. Div. 1999) (answers claimed not to be fully responsive will defeat a motion to dismiss with prejudice if adequate to defeat a motion to dismiss without prejudice); St. James AME Dev. v. Jersey City, 403 N.J. 480, 485-86 (App. Div. 2008) (a bona fide dispute as to the adequacy of the answers must be determined before disposition of either a motion to dismiss with prejudice or a motion to restore the dismissed pleading).

[Pressler & Verniero, Current N.J. Court Rules, cmt. 1.5 on R. 4:23-5 (2020).]

Here, ARF did not fail to respond to Seaside's discovery requests. Instead, ARF responded to forty-seven document demands and produced thousands of pages of documents. Seaside, however, contended that eight out of the forty-seven responses were deficient. Significantly, five of the alleged deficiencies asserted that ARF produced a copy rather than the original. What Seaside and the trial court never properly analyzed was whether the documents produced were deficient and whether Seaside suffered any prejudice.

In its motion for reconsideration, ARF produced a certification from its owner and president stating that it had produced all the documents in its possession. It also pointed out that in response to five requests it had produced

11

copies of the documents, but it had the originals and they were available for inspection by Seaside. The trial court did not analyze that position to see if ARF had been responsive. Moreover, the trial court did not analyze whether Seaside had been prejudiced by any of the responses. The underlying dispute here is whether ARF had a mortgage on the Property and whether ARF had made other loans and was entitled to repayment of those loans. Nowhere in the extensive papers submitted to us is there an analysis of whether Seaside has been prejudiced such that it cannot prove its affirmative claim that the Mortgage should be vacated. Nor is there an adequate analysis of whether Seaside has been prejudiced in its ability to defend against the counterclaims and third-party complaint.

Moreover, neither Seaside nor the trial court ever analyzed whether lesser sanctions were appropriate. For example, if Seaside contends that some of the documents it seeks go to defending against the third-party complaint, the trial court could enter an order that limits ARF to the documents produced. Thus, when the actual merits are analyzed, if ARF does not have documents supporting its alleged loans to the third-party defendant, ARF's claims can be dismissed on the merits.

12

In short, the trial court did not analyze the actual discovery responses and whether Seaside was correct in alleging that the documents produced were deficient. In that regard, it is not enough for Seaside to simply assert that the deficiencies were not cured when ARF is claiming that it does not have certain documents. That disputed issue needs to be analyzed and fact findings need to be made.

We note that the record before the trial court was complicated by ARF's errors and failures to file formal motions to reinstate, even when directed by the trial court. We appreciate and generally would defer to the trial court's discretion concerning such issues. Nevertheless, counsel's failure should be analyzed to see if it warrants a sanction that is ultimately imposed on the client. The record does demonstrate that ARF filed supplemental discovery responses and produced thousands of pages of discovery. While those supplemental certifications were not formally filed in support of motions to reinstate, they were served on Seaside and they were filed with the trial court. Accordingly, the ARF certifications should be analyzed to see if, in fact, they are sufficient to cure the alleged deficiencies.

Finally, we are not persuaded by Seaside's arguments that we should decline to review certain orders and that we should not consider certain

documents that were allegedly not part of the record before the trial court. The record before us does not demonstrate that either party strictly complied with all the requirements of Rule 4:23-5. We again emphasize that the goal is to ensure that relevant discovery is produced so that the merits of the substantive claims can be fairly evaluated.

Accordingly, we reverse and remand with directions that the trial court conduct an appropriate hearing to evaluate whether the deficiencies in eight out of forty-seven document responses were in fact cured and whether, if they were not cured, Seaside was prejudiced in a way that would warrant striking with prejudice ARF's answer and third-party complaint. On remand, the trial court should also consider whether a lesser sanction than dismissal is warranted. See R. 4:23-2; R. 4:18-1(b)(4).

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1895-18T2