**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1641-23

SHONDA SAUNDERS, natural
guardian ad litem for and on
behalf of minor SAHARA
MARTIN,

     Plaintiff-Appellant,

v.

AMERICAS BAKERY
CORPORATION and
JUAN SALINAS,

     Defendants-Respondents.

_____

Submitted May 22, 2025 – Decided June 9, 2025

Before Judges Walcott-Henderson and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-1102-23.

Freeman Law Center, LLC, attorneys for appellant (Michael Wiseberg, on the brief).

Law Offices of Viscomi & Lyons, attorneys for respondents (Michael J. Palma, on the brief).

PER CURIAM

In this personal injury action, plaintiff Shonda Saunders, guardian ad litem for the minor child, Sahara Martin, appeals from three orders resulting in the dismissal of her personal injury complaint against defendants Americas Bakery Corporation (ABC) and its employee, Juan Salinas. Plaintiff argues the court erred in granting defendants' motions to dismiss and denying her motion for reconsideration. For the reasons set forth in this opinion, we reverse and remand for the court to reinstate plaintiff's complaint.

The following orders are at issue: a July 21, 2023 order dismissing plaintiff's complaint without prejudice for failure to provide discovery; a November 13, 2023 order dismissing plaintiff's complaint with prejudice; and a January 8, 2024 order denying plaintiff's motion for reconsideration.

The record in this case is scant as the motions were decided on the papers, the court did not a provide written or oral statements of reasons, and there are no transcripts in the record. Accordingly, we glean the relevant facts from the parties' briefs and the court's orders.

In April 2018, plaintiff's then-eleven-year-old daughter was struck by the side-mirror of an ABC truck as she crossed the road to board a school bus. Salinas was driving the truck at the time of the accident.

On March 4, 2020, plaintiff filed a complaint against defendants alleging negligence resulting in personal injuries to the minor child. She did not include the child's father as a party to the action. The complaint alleged the child suffered "severe and grievous personal injuries, was caused to expend large sums of money in an effort to cure said injuries, [and] has and will in the future be deprived of her usual activities all to her detriment."

Prior to the conclusion of discovery, the parties reached a settlement for $14,500, and the court scheduled a Rule 4:44-3 friendly hearing to finalize the settlement on behalf of the minor child. Over the course of the next approximately two years, there were at least five additional friendly hearings scheduled, with the final hearing occurring on March 30, 2022, when plaintiff advised the court she would not accept the settlement and agreed to a voluntary dismissal of her complaint without prejudice. The court entered an order memorializing plaintiff's voluntary dismissal of her complaint "subject to refiling as a new complaint."[1]

On April 5, 2023, plaintiff filed a new complaint, which contained discovery demands for answers to interrogatories, production of documents, and

---

[1] Although the order has two dates, we use the filing date of March 30, 2022.

requests for admissions.[2]  Defendants filed an answer, which included responses to plaintiff's discovery demands, although the parties later disputed whether defendants had answered plaintiff's revised interrogatories or resubmitted answers to old interrogatories that were served with her initial complaint.

On July 5, 2023, defendants moved to dismiss the complaint for failure to answer interrogatories pursuant to Rule 4:23-5(a)(1).  The motion was unopposed, and on July 21, 2023, the court dismissed plaintiff's second complaint without prejudice.

On September 25, 2023, defendants moved for dismissal of the complaint with prejudice.  The motion was again unopposed, and on November 13, 2023, the court granted it and dismissed plaintiff's second complaint with prejudice for failure to provide discovery under Rule 4:23-5(a)(2).

On December 1, 2023, plaintiff moved to vacate the order dismissing her complaint with prejudice and to reinstate her complaint.  According to plaintiff, all outstanding discovery had been provided to defendants and she met the "exceptional circumstances" standard due to the following:  the firm had moved locations and the files relevant to this case had been packed up in September 2023; the paralegal handling the matter did not notify anyone about defendants'

---

[2]  Plaintiff's second complaint is not in the record.

discovery motions; and the attorney handling the case was out of office due to medical issues. Plaintiff requested oral argument if the motion was opposed, which it was.

On January 8, 2024, the court denied plaintiff's motion without oral argument. The court did not issue a written decision, and the record does not indicate whether it issued an oral opinion.

"[A] trial court's reconsideration decision will be left undisturbed unless it represents a clear abuse of discretion." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (citing Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)). "An abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Ibid. (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)) (internal quotation marks omitted).

Rule 4:50-1 provides six grounds for vacating a final judgment. Generally, courts should grant relief under Rule 4:50-1 "sparingly [and only] in exceptional situations." Badalamenti v. Simpkiss, 422 N.J. Super. 86, 103 (App. Div. 2011) (alteration in original) (quoting Little, 135 N.J. at 289). Relief under Rule 4:50-1 must "reconcile the strong interests in finality of judgments and

judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." LVNV Funding, LLC v. Deangelo, 464 N.J. Super. 103, 109 (App. Div. 2020) (quoting Manning Eng'g, Inc. v. Hudson Cnty. Park Comm'n, 74 N.J. 113, 120 (1977)).

Plaintiff argues her motion to vacate the court's November 13, 2023 order dismissing her complaint with prejudice should have been granted because defendants failed to satisfy their discovery obligations under Rule 4:23-5(a)(2), and exceptional circumstances existed under Rule 4:50-1.

As the dismissal of plaintiff's complaint with prejudice is predicated on plaintiff's violation of her discovery obligation under Rule 4:23-5(a)(2), we examine the two-step dismissal provisions of that Rule. Rule 4:23-5 provides: (1) the moving party may move for dismissal for non-compliance with discovery obligations and, if granted, the complaint is dismissed without prejudice; and then (2) if the delinquent party still does not provide the outstanding discovery, "the party entitled to the discovery may, after the expiration of [sixty] days from the date of the order, move on notice for an order of dismissal . . . with prejudice." R. 4:23-5(a)(1), (2); Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 93 (App. Div. 2008).

The Rule further provides,

[t]he attorney for the delinquent party shall, not later than [seven] days prior to the return date of the motion, file and serve an affidavit reciting that the client was previously served as required by subparagraph (a)(1)[3] and has been served with an additional notification . . . of the pendency of the motion to dismiss or suppress with prejudice.

[R. 4:23-5(a)(2).]

Moreover, "[a]ppearance on the return date of the motion shall be mandatory for the attorney for the delinquent party." Ibid. "[T]he [R]ule, as it currently exists, does not provide for the automatic conversion of a dismissal without prejudice into a dismissal with prejudice when there is a continued failure to provide the outstanding discovery." Sullivan, 403 N.J. at 93-94.

We are satisfied the court's dismissal of plaintiff's complaint with prejudice constitutes a misapplication of discretion. We reach this determination because the order of dismissal with prejudice was entered without

---

[3] Providing that

[u]pon being served with the order of dismissal . . . without prejudice, counsel for the delinquent party shall forthwith serve a copy of the order on the client by regular and certified mail, return receipt requested, accompanied by a notice . . . , specifically explaining the consequences of failure to comply with the discovery obligation and to file and serve a timely motion to restore.

7

the appearance of plaintiff's counsel, which is mandatory on the return date of the motion. R. 4:23-5(a)(2). Critically, the court dismissed plaintiff's complaint without having been provided with an affidavit from counsel reciting that plaintiff was previously served with the order of dismissal without prejudice by regular and certified mail, return receipt requested, and notice "specifically explaining the consequences of failure to comply with the discovery obligation and to file and serve a timely motion to restore." Ibid. In failing to compel plaintiff's counsel to appear on the return date and file the required affidavit, the court "inexplicably departed" from the requirements under Rule 4:23-5(a)(2), and improperly converted its dismissal without prejudice into a dismissal with prejudice.

Additionally, the court did not set forth its reasoning on the record or in writing as required by Rule 1:7-4(a), mandating, in pertinent part, that "on every motion decided by a written order that is appealable as of right," the court "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon." See Gnall v. Gnall, 222 N.J. 414, 428 (2015) ("Failure to make explicit findings and clear statements of reasoning [impedes meaningful appellate review and] 'constitutes a disservice to the litigants, the attorneys, and the appellate court.'") (quoting Curtis v. Finneran,

83 N.J. 563, 569-70 (1980)). "Naked conclusions do not satisfy the purpose of R[ule] 1:7-4." Curtis, 83 N.J. at 570.

Plaintiff maintains she demonstrated exceptional circumstances under Rule 4:50-1 "that should have been sufficient to vacate the dismissal [o]rders" due to the firm's relocation and the inaccessibility of files relevant to this case and her counsel's medical issues. She further argues that these facts combined with her request for oral argument on the motion to vacate the dismissal order are sufficient to establish the putative orders, which were granted on the papers, must be vacated. Because we agree the court misapplied its discretion in granting defendants' motion to dismiss plaintiff's complaint with prejudice and vacate that order and reinstate plaintiff's complaint, we need not reach plaintiff's Rule 4:50-1 arguments. Accordingly, we reverse the court's orders dismissing plaintiff's complaint with prejudice and denying plaintiff's motion to reinstate her complaint, and remand for further proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hawley

Clerk of the Appellate Division