**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3154-18
A-4480-18

DIAJEWELS OF NY, INC.,
RAJWARAH JEWELLERS PVT.,
LTD., and RENU SHARMA,

      Plaintiffs-Appellants,

v.

THE GREAT JEWEL FACTORY,
INC., J.M.D. ALL STAR IMPORT
EXPORT, INC., J.M.D. ALL STAR
IMPEX, INC., ANITA KHANNA,
AJAY SARIN, RANA PRATAP,
LAVEENA RASTOGI,[1] TRILOKI
BATRA, CHIRAG BATRA, and
NYCB TRADING, LLC,

      Defendants-Respondents.

_____

Argued December 9, 2020 – Decided March 12, 2021

Before Judges Whipple, Rose, and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-5788-16.

_____

[1] Laveena Rastogi is not a party to this appeal.

Jae H. Cho argued the cause for appellants (Cho Legal Group, LLC, attorneys; Kristen M. Logar, on the brief).

Elliot D. Ostrove argued the cause for respondents Great Jewel Factory, Inc., J.M.D. All Star Import Export, Inc., J.M.D. All Star Impex, Inc., Anita Khanna, Ajay Sarin, and Rana Pratap (Epstein Ostrove, LLC, attorneys; Elliot D. Ostrove and Vahbiz P. Karanjia, on the brief).

Susheela Verma argued the cause for respondents Chirag Batra, Trilocki Batra, and NYCB Trading, LLC.

PER CURIAM

In these consolidated matters, plaintiffs Diajewels of NY, Inc. (Diajewels), Rajwarah Jewellers, Pvt. Ltd. (Rajwarah), and Renu Sharma appeal from: (1) a February 15, 2019 Law Division order dismissing their amended complaint with prejudice against defendants The Great Jewel Factory, Inc. (Great Jewel), J.M.D. All Star Import Export, Inc. (J.M.D.), Anita Khanna, Ajay Sarin, and Rana Pratap (collectively, Sarin defendants), and Triloki Batra, Chirag Batra, and NYCB Trading LLC (collectively, Batra defendants)[2]; and (2) a May 10, 2019 default judgment for $271,857.61 entered in favor of the Sarin defendants on their counterclaims against plaintiffs. The February 15, 2019

---

[2] The order was amended on March 11, 2019 to correct a clerical error omitting J.M.D. All Star Impex, Inc. as a party.

2

order dismissed plaintiffs' complaint, and struck their answer and defenses to the Sarin defendants' counterclaims for: Sharma's failure to appear for deposition under Rule 4:23-2(b)(3); plaintiffs' failure to furnish "full responsive discovery" under Rule 4:23-5(a)(2); and plaintiffs' failure to comply with prior orders of the court under Rule 4:37-2(a). We affirm.

I.

The course of the four-year litigation in this matter can only be described as tortured. During the 1107-day discovery period, the trial court held near-weekly case management conferences, extended the discovery end date seven times, and rescheduled the trial date five times. Although all parties were delinquent in responding to discovery demands at one time or another, the Sarin and Batra defendants cured their deficiencies. Plaintiffs, however, engaged in a course of abject failures to fully comply with discovery requests, appear for depositions, and participate in mandatory mediation.

We describe the relevant procedural history at length to lend context to the motion judge's decision. By way of background, Diajewels is a New York corporation and subsidiary of Rajwarah, a private, limited liability company incorporated in India. Diajewels purchases jewelry manufactured and designed

by Rajwarah for worldwide distribution. Sharma, a resident citizen of India, is the president of Diajewels and director of Rajwarah.

Great Jewel is a New Jersey corporation established by Khanna, who resides in New Jersey with her husband, Sarin. In February 2013, Sharma met Sarin in India; thereafter their families became "close friends." The following year, Sharma, Sarin and Khanna agreed to operate a retail jewelry store located in Iselin. As part of their agreement, the store sold jewelry shipped by Rajwarah from India. The store opened on August 29, 2014; the business venture lasted six weeks.

On December 2, 2014, plaintiffs filed a verified complaint and order to show cause against the Sarin defendants. Plaintiffs sought return of Diajewels' inventory and the proceeds of jewelry that had been sold. The Sarin defendants filed a verified answer, and asserted counterclaims against plaintiffs and third-party claims against Sharma's husband, JK Sharma, and daughter, Prerna Sharma.[3] After plaintiffs' initial attorneys were granted leave to withdraw as counsel, plaintiffs retained another law firm, which filed an answer and asserted

---

[3] It is unclear from the record whether JK Sharma and Prerna Sharma answered the third party-complaint; they are not parties to this appeal.

defenses to the Sarin defendants' counterclaims. Less than one year later, Genova Burns LLC was substituted as counsel for plaintiffs.

Seventeen months later, on May 2, 2016, plaintiffs filed the nine-count amended complaint at issue, adding the Batra defendants. Plaintiffs sought injunctive relief and damages, primarily asserting violations of the Racketeer Influenced and Corrupt Organizations Act, N.J.S.A. 2C:41-1 to -6.2, common law fraud, replevin, conversion, breach of fiduciary duty, breach of contract and quantum meruit. The Sarin and Batra defendants filed separate answers. The Sarin defendants reasserted their counterclaims and third-party claims, demanding damages for various causes of action, including breach of contract, unjust enrichment, fraud, conversion, breach of fiduciary duty, and civil conspiracy.

During the first year of litigation, the parties exchanged copious discovery requests, resulting in extensive motion practice and orders to compel discovery. Apparently, on February 16, 2018, the answer filed by the Batra defendants was suppressed for failure to respond to discovery.

Thereafter, the matter was assigned to the present motion judge, who managed the case for one year before dismissing plaintiffs' pleadings with prejudice. In separate March 29, 2018 orders, the judge restored the Batra

5

defendants' answer, extended the discovery end date to June 29, 2018, "accelerated" the trial date from December 17, 2018, to a peremptory date of October 15, 2018, and ordered that all further discovery motions must be filed by leave of court.

Following a case management conference in May 2018, the motion judge entered a May 9, 2018 order, permitting the Batra defendants to depose "[p]laintiffs"[4] provided the Batra defendants satisfied their outstanding discovery obligations prior to May 14, 2018. The judge permitted the deposition to be conducted by videoconference at plaintiffs' convenience, but ordered that the deposition occur by May 25, 2018. The Sarin defendants were permitted to participate, provided their depositions were reopened. The dates for the end of discovery and trial remained in full force and effect.

For reasons that are not stated in the record, plaintiffs failed to produce Sharma for deposition by the Batra defendants. In June 2018, the Batra defendants moved to compel Sharma's deposition, and other delinquent discovery. The Sarin defendants moved to compel plaintiffs to produce more responsive documents to their outstanding requests.

---

[4] We glean from the record that Sharma, the only individual plaintiff, had been previously deposed by the Sarin defendants.

By order entered June 28, 2018, the motion judge extended the discovery end date to July 30, 2018. Among other things, the judge also ordered the parties to participate in mandatory non-binding mediation. The parties' motions and cross-motions were not explicitly addressed in the order.

On July 27, 2018, the motion judge again extended the discovery end date to September 14, 2018, for "all fact and expert discovery (inclusive of witness depositions . . . )." The order required the parties to "exchange **redacted** financial records, **with privilege logs**" by August 15, 2018. Those records included: demands made by the Sarin defendants to plaintiffs from January 1, 2014 to the present; certain records reviewed in camera by the court demanded by plaintiffs of the Sarin and Batra defendants; and certain bank records demanded by the Batra defendants. The trial date was rescheduled for October 29, 2018, and the mediation dates were adjusted accordingly.

In the meantime, the Sarin defendants provided plaintiffs supplemental financial documents from 2014 to the present. Plaintiffs, however, produced heavily redacted financial documents to the Sarin defendants. Asserting plaintiffs' production was made in bad faith, the Sarin defendants moved for leave to file a motion directing plaintiffs to comply with the court's July 27, 2018 order.

7

On August 17, 2018, the motion judge sua sponte amended the July 27, 2018 order, once more extending the discovery end date to December 14, 2018, and setting new dates for the service of expert reports, and the completion of fact discovery and expert depositions. The trial date was rescheduled for January 22, 2019; the mediation dates were adjourned.

In a detailed August 29, 2018 order, the motion judge compelled plaintiffs to produce to the Sarin and Batra defendants "any and all [f]inancial [r]ecords from 2014 to the present, including but not limited to [t]ax [r]eturns, [b]ank statements, [p]rofit and [l]oss [s]tatements, [c]ash [f]low [s]tatements, [g]eneral [l]edgers, [b]alance [s]heets, and [b]usiness [r]egistration documents" and documents responsive to nine outstanding requests by the Sarin defendants and three outstanding requests by the Batra defendants.

The order further compelled plaintiffs to: produce financial records responsive to the Batra defendants' subpoenas served on certain financial institutions; limit redactions to "personal identifiers, and/or attorney-client/work product privilege"; provide a privilege log for any redactions; and provide a power of attorney or other written authorization to the Batra defendants.

Plaintiffs thereafter filed a motion to strike the Batra defendants' discovery requests; the Batra defendants cross-moved, claiming plaintiffs

A-3154-18

engaged in "oppressive and abusive" discovery practices throughout the litigation. On September 7, 2018, plaintiffs produced to all defendants redacted financial records, with a corresponding privilege log, and apparently moved for a protective order. The Sarin defendants cross-moved to compel various financial records that remained outstanding and were necessary to "continue the depositions of [p]laintiffs and/or their accountant" in a "meaningful way."

On September 21, 2018, the motion judge issued an order, directing plaintiffs to: (1) "provide responses to [the] Batra [d]efendants' [d]emand for [a]dmissions"; "provide full and complete financial, export and other records that are outstanding to . . . [d]efendants pursuant to the [c]ourt's [o]rders of July 17, 2018 and August 29, 2018 within [seven] days of this [o]rder"; "immediately execute authorizations and power[s] of attorney[]"; "authorize [their] [a]ccountant . . . to release all records in his possession"; and produce Sharma for video conference deposition "as set forth in the [c]ourt's [o]rders of July 17, 2018 and August 29, 2018, within [ten] days." In another order issued on the same date, the judge awarded the Sarin defendants $5000 in fees and costs.

Despite the assistance of the motion judge during a conference call, who emphasized the parties "c[ould] not engage in meaningful mediation" without plaintiffs' fully responsive financial documents, and a follow-up letter from

counsel for the Sarin defendants, plaintiffs failed to produce the requested documents. Instead, Genova Burns moved for leave to withdraw as plaintiffs' counsel. There is no indication in the record that plaintiffs opposed the motion.

The Sarin defendants cross-moved to dismiss plaintiffs' amended complaint without prejudice and strike plaintiffs' answers and affirmative defenses to their crossclaim pursuant to Rule 4:23-2(b)(3), Rule 4:23-5(a)(1), and Rule 4:37-2(a). The Batra defendants simultaneously cross-moved to dismiss plaintiffs' amended complaint pursuant to Rule 4:23-5(a)(1). Genova Burns filed a reply to both motions.

Following argument on November 9, 2018, the motion judge granted the relief sought by all movants.[5] The judge dismissed plaintiff's complaint and struck their answer and defenses to the Sarin defendants' counterclaim without prejudice pursuant to Rules 4:23-2(b)(3) (failure to be deposed); 4:23-5(a)(1) (failure to provide discovery): and 4:37-2(a) (involuntary dismissal for failure to comply with court orders).

The judge determined plaintiffs "failed and/or refused to comply" with eight provisions of the July 27, 2018, August 17, 2018, August 29, 2018 and

---

[5] Plaintiffs do not appeal from the November 9, 2018 order; the parties have not provided the transcript of the hearing on appeal.

September 21, 2018 orders: (1) provide a power of attorney pursuant to the August 29, 2018 order; (2) provide "full and complete financial, export and other records" pursuant to the August 17, 2018 and August 29, 2018 orders; (3) authorize their accountant "to release all records in his possession" as required by the September 21, 2018 order; (4) produce Sharma for her deposition as required by the August 17, 2018 and August 29, 2018 orders; (5) engage in mandatory non-binding mediation as required by the July 27, 2018 and August 17, 2018 orders; (6) serve expert reports pursuant to the August 17, 2018 order; (7) "provide a complete production of their [f]inancial [r]ecords" under the August 29, 2018 and September 21, 2018 orders "and a follow-up [o]rder issued by the [c]ourt in a telephonic conference held on October 12, 2018"; and (8) pay the $5000 fee awarded to the Sarin defendants under the July 27, 2018[6] and September 21, 2018 orders. The order also stayed prosecution of the Sarin defendants' counterclaims for seventy-five days, until January 24, 2019, to afford plaintiffs the opportunity to retain new counsel.

As a condition of permitting Genova Burns to withdraw as plaintiffs' counsel, the judge required the firm to furnish a copy of the November 9, 2018

---

[6] The record on appeal does not contain the July 27, 2018 fee awarded to the Sarin defendants.

order to plaintiffs and explain the procedure to vacate the order. In a two-page rider annexed to the order, the judge delineated that procedure. Plaintiffs were permitted until January 24, 2019, to retain substitute counsel and simultaneously move to vacate the November 9, 2018 order. Plaintiffs were required to certify "compliance with their outstanding discovery deficiencies," and provide proof of payment of the Sarin defendants' fee award. Failure to do so "w[ould] operate to automatically convert the without-prejudice dismissal of [their pleadings] to a dismissal . . . with prejudice."

Three days later, on November 12, 2018, Genova Burns filed a certification of counsel confirming the November 9, 2018 order was served on each plaintiff and their Indian counsel, at separate addresses in India and New York. The certification attached Genova Burns's November 12, 2018 letter to all plaintiffs, setting forth all requirements necessary to restore the dismissed pleadings.

On November 19, 2018, Vivek Suri, Esq. filed a "notice of appearance" on behalf of plaintiffs. Suri did not contact counsel for the Sarin defendants or the Batra defendants to arrange for Sharma's videotaped deposition, discuss mediation dates, or clarify the outstanding discovery requests.

Instead, on January 24, 2019 – the final day permitted under the November 9, 2018 order – plaintiffs moved to restore their complaint and answer. Sharma certified plaintiffs' discovery obligations were complete, and attached as exhibits: a DVD containing 2181 documents, described as "additional discovery to the defendants" and financial documents pertaining to Sharma's husband and daughter; a copy of one expert report; authorizations to obtain documents from plaintiffs' accountant; authorizations to obtain documents from two financial institutions; and a copy of a $5000 check payable from Suri's account to the Sarin defendants. Sharma further certified she was willing to be deposed and plaintiffs would engage in mediation "right after" the court restored plaintiffs' pleadings.

On February 7, 2019, the Sarin defendants opposed plaintiffs' motion and cross-moved to dismiss their complaint and strike their answer and affirmative defenses with prejudice. Sarin defense counsel certified: "Approximately [forty percent] of [p]laintiffs' January 24, 2019 production was duplicative of documents that had been produced multiple times by . . . Genova Burns." Specifically, plaintiffs produced only twelve of "the fifty-six documents required."

13

On the same day, the Batra defendants opposed plaintiffs' motion. In her accompanying certification, Batra defense counsel sought to convert the dismissal order to a "dismissal with prejudice." Among other things, Batra defense counsel certified that because the document production contained on the DVD was not organized or enumerated, it took her staff "an entire day" to print and Bates stamp each document. Because the production was marked, attorneys' eyes only, Batra defense counsel was required to expend "more than [fifteen] hours" to review four binders of documents. Counsel annexed to her certification a list of 127 categories of documents, most of which were previously provided by Genova Burns. Batra defense counsel also certified that plaintiffs failed to produce Sharma for deposition or propose dates on which to do so.

On the motion return date, the judge initially determined plaintiffs failed to comply with Rule 1:11-2 because Suri's substitution of counsel, although signed by Sharma, lacked a certification from Genova Burns and Suri that the substitution would not cause delay. However, the judge considered plaintiffs' motion and permitted Suri to represent plaintiffs at the hearing "in the interest of justice." Plaintiffs were not present at the hearing nor does the record reflect plaintiffs' request for Sharma to appear remotely from India.

A-3154-18

Suri argued plaintiffs satisfied the mandates of the November 9, 2018 order and, as such, their pleadings should be restored. He contended they produced all documents they had in their custody and control. Suri told the judge that other than "a small box of files," he was unable to obtain any other documents from Genova Burns because "there's litigation between them and my clients." Accordingly, Suri suggested he was unable to determine whether, for example, Genova Burns had retained plaintiffs' reports from the seven experts identified in plaintiffs' June 8, 2018 correspondence to counsel. Suri also contended Genova Burns would not turn over documents that had been produced to plaintiffs by defendants because Suri was "not technically attorney of record" and the documents that were produced were for "attorneys' eyes only."

The Sarin and Batra defendants vehemently argued against reinstatement of plaintiffs' pleadings. Sarin defense counsel emphasized plaintiffs' "woefully deficient document production" failed to include financial documents that went "to the very heart of . . . plaintiffs' claims." Those claims included plaintiffs' assertions that they were "subject to fines and penalties in India," and had suffered a "loss as a result of allegedly stolen jewelry." And the Sarin defendants required plaintiffs' documents so they could depose Sharma.

15

Batra defense counsel echoed that plaintiffs' January 24, 2019 production failed to include "critical documents" that "pertained to [her] clients' defenses," including requests for admission and tax documents. Batra defense counsel further criticized the purported bank authorizations provided by Sharma, which included a provision seeking to hold the bank responsible should "anything go[] wrong with the privacy of [her] accounts or if [the Batra defendants or their attorney] review [Sharma's] accounts."

Following argument, the judge rendered a thorough oral decision – spanning nearly thirty transcript pages – that accompanied a detailed February 15, 2019 order. The judge summarized the protracted history of the case, including plaintiffs' repeated failures to comply with prior court orders and defendants' compliance with plaintiffs' requests for the same financial information. The judge found plaintiffs' repeated refusals to comply with their discovery obligations were "willful, deliberate, and egregious."

To support his conclusion, the judge found the "2181 . . . pages of documents" produced in disorganized and duplicate folders on the DVD was not "a meaningful production of discovery." The judge noted the DVD contained a multitude of duplicate documents that had been previously produced by Genova Burns. Nor did plaintiffs reference the corresponding court order or outstanding

discovery demands in their production. Without the assistance of defense counsel, who Bates stamped and categorized the documents, the judge would not have been able to determine whether the production was fully responsive to defendants' discovery demands under Rule 4:23-5(a).

Citing Abtrax Pharmaceuticals. v. Elkins-Sinn, 139 N.J. 499 (1995), and Fik-Rymarkiewicz v. University of Medicine & Dentistry of N.J., 430 N.J. Super. 469 (App. Div. 2013), the "two-step process for dismissal with prejudice" under Rule 4:23-2(b), and the dismissal process under Rule 4:23-2, the judge denied the motion to reinstate plaintiffs' pleadings and dismissed their claims with prejudice. In reaching his decision, the judge concluded plaintiffs – "not their counsel" – failed to make a good faith effort "to provide the demanded and fully responsive discovery." Plaintiffs "caused undue delay and unnecessarily" caused defendants' legal fees to increase in their attempts to obtain discovery from plaintiffs. The judge elaborated:

> [B]y reason of . . . [p]laintiff[s]' deliberate, contumacious conduct, and habitually inadequate discovery responses; . . . [p]laintiffs' multiple willful, deliberate, and egregious productions of heavily redacted tax returns and deficient financial records and repeated violation of, especially, the [c]ourt's orders of July 27[, 2018], August 29[, 2018], and September 21[,] 2018; consistent and continuous disregard for their discovery obligations; . . . [p]laintiff[s]' failure and/or refusal to provide the B[]atra defendants and the

17

Sarin defendants with court-ordered discovery and to otherwise comply with the clear, unambiguous, and explicit terms of the [c]ourt's orders of July 27[, 2018], August 17[, 2018], August 29[, 2018], and September 21[,] 2018; . . . [p]laintiff[s]' failure to provide demanded and fully responsive discovery with no exceptional circumstances having been demonstrated by . . . [p]laintiffs in this application pursuant to the [c]ourt's November 9[, 2018] order, and deliberate non-compliance with the November 9[, 2018] order . . . .

Plaintiffs have failed to satisfy and comply with the conditions set forth . . . in the rider attached to the November 9[, 2018] order.

. . . .

However, I also find that by reason of . . . [p]laintiff[s]' continued and uncured defaults, as evinced and reflected in the moving papers and especially detailed in the Sarin cross-motion papers and the B[]atra opposition papers, which included four binders of over 2181 pages of cross-checked and Bates stamped documents of [p]laintiffs['] purported discovery compliance that were submitted by the B[]atra defendants for the [c]ourt's in camera review, which was conducted; that the reinstatement motion of . . . [p]laintiffs will be denied.

I also find that by reason of . . . [p]laintiff[s]' continued and uncured defaults . . . the Sarin cross-motion to convert this matter to a dismissal with prejudice pursuant to Rule 4:23-2(b)(3), Rule 4:23-5(a)(1), and Rule 4:37-2(a) is granted.

And more specifically, that . . . [p]laintiffs['] amended complaint against the Sarin defendants therefore is hereby dismissed with prejudice. That . . .

[p]laintiffs['] answer and defenses to the Sarin defendants' counterclaims are hereby stricken with prejudice.

Following a proof hearing on May 10, 2019, the motion judge entered default judgment for $271,857.61 against plaintiffs on the Sarin defendants' counterclaims. Plaintiffs were represented at the hearing by another law firm. The judge denied plaintiffs' request to cross-examine Sarin, the only witness produced at the hearing. In doing so the judge concluded there was no authority to support plaintiffs' position. This appeal followed.

On appeal, plaintiffs raise several overlapping arguments. For the first time on appeal, plaintiffs purportedly challenge the November 9, 2018 dismissal without prejudice order, asserting they "timely supplied all discovery responses to . . . Genova Burns[,]" blaming the firm for any late or non-responsive documents and for failing to provide their experts' reports to defendants. Plaintiffs argue the motion judge should have imposed sanctions in lieu of forever dismissing their claims. Plaintiffs further assert the judge imposed "unrealistic requirements beyond Rule 4:23-5," requiring new counsel to simultaneously file a substitution of attorney and a motion to vacate the November 9, 2018 order. They also claim the automatic conversion provision of the without prejudice order to a dismissal with prejudice was "equivalent to

an ex parte motion." Plaintiffs contend the judge failed to cite any prejudice to defendants and claim the financial documents sought by defendants have no bearing on their claims. Finally, they claim the judge penalized them for Suri's actions.

Plaintiffs raise no challenges to the entry of default judgment on the Sarin defendants' counterclaim, including the judge's decision, precluding cross-examination of Sarin.[7]

## II.

Our scope of review of a dismissal of a complaint with prejudice for failure to make discovery is limited to whether the trial court abused its discretion. Abtrax Pharms., 139 N.J. at 517. A trial court abuses its discretion

---

[7] Because the issue was not raised on appeal, we will not address the judge's decision. "[A]n issue not briefed is deemed waived." Pressler & Verneiro, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2021). See also Telebright Corp. v. Dir., N.J. Div. of Tax'n, 424 N.J. Super. 384, 393 (App. Div. 2012) (deeming a contention waived when the party failed to include any arguments supporting the contention in its brief).

We take this opportunity, however, to instruct the trial court that cross-examination of witnesses has long been permitted. See Jugan v. Pollen, 253 N.J. Super. 123, 129 (App. Div. 1992) (reiterating the well-established principle that "whether a defaulting party may cross-examine liability witnesses against him is a matter of judicial discretion," but generally is favored); see also Chakravarti v. Pegasus Consulting Grp., Inc., 393 N.J. Super. 203, 211 (App. Div. 2007) (recognizing "the right to challenge a plaintiff's showings in a proof hearing by way of cross-examination and argument should not ordinarily be precluded").

when the "decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." United States v. Scurry, 193 N.J. 492, 504 (2008) (alteration in original) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

"The dismissal of a party's cause of action, with prejudice, is drastic and is generally not to be invoked except in those cases in which the order for discovery goes to the very foundation of the cause of action, or where the refusal to comply is deliberate and contumacious." Abtrax Pharms, 139 N.J. at 514 (citation omitted). "Since dismissal with prejudice is the ultimate sanction, it will normally be ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party, or when the litigant rather than the attorney was at fault." Ibid. (citation omitted).

Although the motion judge's February 15, 2019 decision and order cites Rules 4:23-2(b)(3), 4:23-5(a)(2) and 4:37-2(a), his primary reason for dismissing plaintiffs' pleadings was their failure to produce fully responsive documents under Rule 4:23-5. Because we conclude the judge properly exercised his discretion to dismiss plaintiffs' pleadings under Rule 4:23-5, we confine our review to that Rule.

Rule 4:23-5 has dual objectives:  to compel discovery, thereby promoting resolution of disputes on the merits; and granting aggrieved parties the opportunity "to seek final resolution through a dismissal process."  St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008).  Toward that end, to succeed on a motion to dismiss with prejudice under Rule 4:23-5 for failure to make discovery, the moving party must strictly comply with the requirements of the Rule, Zimmerman v. United Services Automobile Ass'n, 260 N.J. Super. 368, 373 (App. Div. 1992), which "involves a two-step process."  Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 93 (App. Div. 2008).

"First, the aggrieved party may move for dismissal for non-compliance with discovery obligations" under paragraph (a)(1) of the Rule, and "if the motion is granted, the complaint is dismissed without prejudice."  Ibid.  Rule 4:23-5(a)(1) dismissals expressly apply to non-compliance with discovery pursuant to Rule 4:17, pertaining to interrogatories, Rule 4:18, pertaining to demands for production of documents, and Rule 4:19, pertaining to demands for medical examinations.  Rule 4:23-5(a)(1) also requires the attorney for the delinquent party to serve the client a copy of the without-prejudice order,

"specifically explaining the consequences of the failure to comply with [its] discovery obligation" in the manner set forth in the Rule.

Next:

> [i]f an order of dismissal . . . without prejudice has been entered pursuant to paragraph (a)(1) of this rule and not thereafter vacated, the party entitled to the discovery may, after the expiration of [sixty] days from the date of the order, move on notice for an order of dismissal . . . with prejudice. The attorney for the delinquent party shall, not later than [seven] days prior to the return date of the motion, file and serve an affidavit reciting that the client was previously served as required by subparagraph (a)(1) and has been served with an additional notification, in the form prescribed by Appendix II-B, of the pendency of the motion to dismiss . . . with prejudice . . . . Appearance on the return date of the motion shall be mandatory for the attorney for the delinquent party or the delinquent pro se party. The motion to dismiss . . . with prejudice shall be granted unless a motion to vacate the previously entered order of dismissal . . . without prejudice has been filed by the delinquent party and either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated.
>
> [R. 4:23-5(a)(2).]

In the present matter, it is undisputed that Genova Burns duly served each plaintiff – and their Indian counsel – with a copy of the without-prejudice order, explaining the consequences for failure to cure plaintiffs' delinquencies. Because the order granted Genova Burns's motion to withdraw as counsel, the

23

judge afforded plaintiffs fifteen days beyond the sixty-day deadline prescribed in Rule 4:23-5(a)(2) to provide fully responsive discovery requests. Plaintiffs neither sought reconsideration of the November 9, 2018 order nor an extension in which to provide fully responsive discovery.

During oral argument, Suri blamed Genova Burns for withholding documents, such as expert reports, that could have been responsive to defendants' demands. However, the certifications of Suri and Sharma in support of plaintiffs' motion to reinstate their pleadings are silent in that regard. Nor did Suri contend he had insufficient time to comply with the November 9, 2018 order, which plaintiffs now claim imposed an "unrealistic requirement[]." Notably, Suri never sought additional time to respond to the mandates of the November 9, 2018 – from the court or counsel.

We agree, however, with one aspect of plaintiffs' belated procedural argument. The automatic conversion provision set forth in the November 9, 2018, was improper. Contrary to plaintiffs' newly-minted contentions, however, the provision was not "equivalent to an ex parte motion" here, where the Sarin defendants expressly did not proceed ex parte but instead moved to dismiss plaintiffs' pleadings and the Batra defendants sought conversion of the November 9, 2018 order to a with-prejudice order. Plaintiffs were duly noticed

24

and appeared, through counsel, at the hearing. The judge's error therefore was not "clearly capable of producing an unjust result." R. 2:10-2. Accordingly, we discern no plain error. Ibid.

Additionally – although not raised by plaintiff before the trial court or this court – we note the motion judge misapplied Rule 1:11-2(a)(2) to Suri's substitution of counsel. Pursuant to the Rule, after a civil trial date is set, "an attorney may withdraw without leave of court only upon" filing: (1) the "client's written consent[] [and] a substitution of attorney" signed by both the withdrawing and entering attorneys; (2) "a written waiver by all other parties of notice and the right to be heard"; and (3) "a certification by both the withdrawing attorney and the substituted attorney that the withdrawal and substitution will not cause or result in delay." Ibid.

By its plain language, the mandates of the Rule apply to the withdrawing attorney, and only without leave of court. Here, neither Genova Burns – whose motion to withdraw as counsel was granted on leave of court, nor Suri – as plaintiffs' substituting counsel – was required to satisfy the conditions of the Rule. Nonetheless, the judge considered Suri's motion to reinstate plaintiffs' pleadings and his argument on the return date. And Suri's appearance on plaintiffs' behalf satisfied the requirement under Rule 4:23-5(a)(2) that either

"attorney for the delinquent party or the delinquent party pro se" must appear on the return date.

We are therefore satisfied that the procedural safeguards set forth in Rule 4:23-5 were fulfilled here. Genova Burns properly noticed plaintiffs of their discovery delinquencies, furnished a copy of the November 9, 2018 order to all plaintiffs, and explained the necessary procedures for reinstatement of their pleadings. Within nine days of receiving the order, plaintiffs retained Suri, who moved to reinstate plaintiffs' pleadings and represented them on the return date of the motions.

We turn to the sufficiency of the discovery produced in response to the November 9, 2018 order. A trial court must carefully scrutinize discovery responses submitted on the eve of a motion to dismiss with prejudice. Adedoyin v. Arc of Morris Cty. Chapter, Inc., 325 N.J. Super. 173, 181 (App. Div. 1999). "[I]ncomplete answers cannot be automatically considered as a failure to answer under R[ule] 4:23-5." Id. at 180. If the court determines there is a "bona fide dispute over responsiveness or insufficiency of interrogatory answers, the judge should first identify those questions[,]" and if more complete answers are needed, the court should adjourn the motion to allow such answers, rather than

dismiss with prejudice. St. James AME Dev. Corp., 403 N.J. Super. at 486-87 (emphasis added).

Here, with the assistance of defense counsel, the motion judge engaged in a "painstaking review" of plaintiffs' January 24, 2019 document production. Among other things, the judge concluded most of the documents were duplicative of prior documents provided by Genova Burns, and plaintiffs produced only "twenty-one percent" of the documents owed to the Sarin defendants. The judge also noted the authorizations provided by Sharma for her financial institutions were unlikely to be honored in view of the restrictions she set forth. We conclude there was no "bona fide dispute" warranting an adjournment to provide further answers, especially in view of plaintiffs' history of noncompliance.

Notably, plaintiffs' argument that the financial documents are not relevant to their claims appears to be raised for the first time on appeal. As such, we need not address it. See Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012). Nonetheless, we have considered the contention in the interests of justice, and conclude it is unavailing. Indeed, plaintiffs' amended complaint alleged financial loss, including "loss of current and future business revenue" and "lost profits." Accordingly, this was "not a situation where plaintiff failed

to produce discovery on a minor issue." Fik-Rymarkiewicz, 430 N.J. Super. at 482; see also Abtrax Pharms, 139 N.J. at 514 (recognizing under a trial court's inherent power, a dismissal with prejudice may be invoked as a discovery sanction where "'the order for discovery goes to the very foundation of the cause of action'") (citation omitted).

Finally, we described the history of discovery in detail because it demonstrates how a dispute over a six-week business venture between friends can devolve into a litigation nightmare that taxes judicial resources beyond what is necessary and required for a just determination of the merits of the complaint. See Abtrax Pharms., 139 N.J. at 518 (quoting Jansson v. Fairleigh Dickinson Univ., 198 N.J. Super. 190, 196 (App. Div. 1985)) (recognizing "if our discovery rules are to have any meaningful impact upon our civil dockets they must be strictly enforced"). Such delays occasioned by a party's conduct result in inherent prejudice to the opposing party.

We conclude plaintiffs' history of noncompliance therefore justifies the ultimate sanction of dismissal with prejudice. See, e.g., Fik-Rymarkiewicz, 430 N.J. Super. at 482-83 (holding that "under the totality of the circumstances . . . the sanctions imposed [including dismissal with prejudice] were not unjust or unreasonable"); Glass v. Suburban Restoration Co., 317 N.J. Super. 574, 578-

80 (App. Div. 1998) (upholding dismissal with prejudice when the defendant failed to comply with multiple orders over a three-year discovery period).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3154-18